636 P.2d 1200

Louis W. BARASSI and Henrietta Barassi, husband and wife, Appellees,

v.

James J. MATISON and Nancy J. Matison, husband and wife, Appellants.

No. 15420–PR.

Supreme Court of Arizona,
In Banc.

Oct. 22, 1981.

D'Antonio & D'Antonio by Gregory D. D'Antonio, Tucson, for appellees.

Monroe & Eisenstein by Michael J. Monroe, Tucson, for appellants.

GORDON, Justice:

The issue in this action is whether an appeal filed after a minute entry order denying a motion for a new trial but prior to the formal entry of judgment should be dismissed as premature. The Arizona Court of Appeals, Div. 2, dismissed the action for lack of jurisdiction; we vacate the Court of Appeal's order of dismissal and reinstate the appeal. The facts necessary for a determination of this issue follow.

The trial court entered judgment in favor of the plaintiffs-appellees on October 7, 1980. The defendants-appellants filed a motion for a new trial which was denied by minute entry on December 2, 1980. On December 31, 1980, subsequent to the minute entry but prior to the filing of the order denying the motion for new trial, the appellants filed an appeal. On January 5, 1981, the trial court's order denying the new trial was filed with the clerk of the court. Appellants did not reappeal after the filing of the final order. We accept jurisdiction under Rule 23, Rules of Civil Appellate Procedure, 17A A.R.S. and hold that the Court of Appeals has jurisdiction to entertain this appeal.

An analysis of the applicable procedural rules is necessary to resolve the issue presented.

The order in the instant case denying the motion for a new trial was an appealable order under A.R.S. § 12–2101.

Rule 9(a) of the Arizona Rules of Civil Appellate Procedure, revised in 1977, controls the time for filing an appeal:

"A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court not later than 30 days after the entry of the judgment from which the appeal is taken, unless a different time is provided by law."

Rule 58(a), Arizona Rules of Civil Procedure, defines the requirements of an entry of judgment:

"All judgments shall be in writing and signed by a judge or a court commissioner duly authorized to do so. The filing with the clerk of the judgment constitutes entry of such judgment; and the judgment is not effective before such entry, except that in such circumstances and on such notice as justice may require, the court may direct the entry of judgment nunc pro tunc * * *."

Rule 54(a), Rules of Civil Procedure, provides, "A judgment includes a decree and an order from which an appeal lies."

If one reads these rules as parts of an integrated whole, it appears that the time in which appellants *should have* perfected their appeal was within the 30 days after the formal entry of the order denying the new trial, that is, the 30 days subsequent to January 5, 1981. This reading would make the present appeal fatally premature and demand the dismissal of this action. Modifications of the pertinent Arizona rules, however, require a reexamination of this Court's position on premature appeals.

In 1977 Rule 9(a) of the Arizona Rules of Civil Appellate Procedure replaced Rule 73(b) of the Arizona Rules of Civil Procedure.[1] The relevant part of abrogated Rule 73(b) stated:

> "When an appeal is permitted by law to the supreme court, it shall be perfected by notice filed with the superior court *within* sixty days *from* the entry of judgment or order appealed from * * *."
> (Emphasis added.)

Rule 9(a) now reads:

> "A notice of appeal required by Rule 8 shall be filed with the clerk of the superior court *not later than* 30 days after the entry of judgment from which the appeal is taken * * *." (Emphasis added.)

This Court and the Arizona Court of Appeals have consistently held that under abrogated Rule 73(b) read in conjunction with Rule 58(a), an appeal from a minute entry is premature. *See Apache East, Inc. v. Means*, 124 Ariz. 11, 601 P.2d 615 (App. 1979);[2] *Eaton Fruit Co. v. California Spray-Chemical Corp.*, 102 Ariz. 129, 426 P.2d 397 (1967); *Thomas v. Western Savings & Loan Association*, 6 Ariz.App. 511, 433 P.2d 1003 (1967); *Zoellner v. Zoellner*, 4 Ariz.App. 561, 422 P.2d 392 (1967); *City of Tucson v. Wondergem*, 4 Ariz.App. 291, 419 P.2d 552 (1966). Subsequent to the modification of Rule 9(a), the Arizona Court of Appeals, Div. 1, has continued to hold that under Rules 54(a) and 58(a), appeals from minute entries are premature and not appealable. *Johnson v. Nelson*, 128 Ariz. 587, 627 P.2d 1085 (App.1981).

A law review article[3] and the Arizona Appellate Handbook [AAH][4] take the position that the language change does impact on the dismissal of technically premature appeals. AAH § 3.3.1.1 (1979 revision) states:

> "The notice of appeal must be filed *not later* than thirty days after the entry of the judgment from which the appeal is taken. ARCAP 9(a). This represents a change from abrogated R.Civ.P. [73(b)]

---

1. The Revised Arizona Rules of Civil Appellate Procedure were adopted on November 1, 1977 and govern all civil cases in which the Notice of Appeal was filed on and after January 1, 1978.

2. The minute entry and appeal predate the change in the rules.

3. Freeman and Ulrich, *The New Arizona Rules of Civil Appellate Procedure*, 1977 Ariz.St.L.J. 715.

   "The language in ARCAP 9(a) requiring that the notice of appeal be filed 'not later than' thirty days after entry of the judgment from which the appeal was taken parallels the language in rule 59(d) of the Arizona Rules of Civil Procedure concerning the time for filing motions for new trials. This language should overrule the cases decided under former rule 73(b) of the Arizona Rules of Civil Procedure holding that an appeal was premature and the appellate court had no jurisdiction if the notice of appeal was filed prior to entry of judgment." *Id.* at 720 (footnotes omitted).

4. Until now, the Court has not had occasion to comment on the Arizona Appellate Handbook. Until its latest revision in 1981, no single work had attempted the gargantuan task of analyzing all appellate procedures in Arizona, both judicial and administrative. We are impressed with the Handbook's comprehensive nature and the authors' studious dissection of the tangled, conflicting, and confusing methods of appeals to and from the various boards, agencies, and levels of courts in Arizona. In many instances, the Handbook Committee was dealing with questions where no guidance was available in the form of judicial precedent, or where the available precedent was incomplete or confusing. On balance, we believe the Arizona Appellate Handbook to be a valuable and helpful tool for all Arizona appellate practitioners. Although this Court cannot gainsay its future decisions on matters in the Handbook not yet judicially construed, we suggest that in absence of contrary authority, it would be prudent for Arizona practitioners to follow the Arizona Appellate Handbook.

under which an appeal was premature and the appellate court had no jurisdiction if the notice of appeal was filed prior to entry of judgment. *Thomas v. Western Savings & Loan Association*, 6 Ariz. App. 511, 433 P.2d 1003 (1967). Thus, a notice of appeal filed after a minute entry order but before entry of judgment is now timely and prevents a judgment from becoming conclusive." (Emphasis in original.)

■ The apparent reasoning of the authors of the Appellate Handbook is that an appeal perfected before the formal entry of judgment is not later than 30 days after the entry of judgment.[5] This Court has the power to interpret procedural rules, *See* A.R.S.Const. Art. VI, § 5; *Arizona Podiatry Association v. Director of Insurance*, 101 Ariz. 544, 422 P.2d 108 (1966), and we find this interpretation of the language of Rule 9(a) plausible.

■ Dismissal of the present appeal would punish the appellant for being too diligent. The underlying rationale of requiring a final judgment for appealability is to avoid the constant disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later in trial, and to promote efficiency, that is, encourage the consolidation in one appeal of all error a litigant feels transpired during the trial. To permit an appeal in the instant case does not circumvent these concepts. The rationale of insisting on a timely notice of appeal from a judgment is to give notice to the appellee that there will be an appeal and to determine a specific cutoff date to prevent appeals months and years after a judgment. The fundamental idea is that there should be some end to litigation, and parties are entitled to know if their judgment will stand or if it is being appealed to a higher court. As the Arizona State Bar Committee Notes to Rule 58(a) indicate, the entry of judgment is the crucial date from which the 30 day period for appealability begins to run and not the oral direction of the judge or the entry of a minute order. We adhere to this strict construction in ascertaining when the time to appeal ends.

■ As stated above, Rule 9(a) has been read as permitting premature appeals. The notes to Rule 58(a) state that an appeal taken before the formal entry of judgment is premature. Thus because of the apparent conflict between the interpretations of Rules 9(a) and 58(a) we must address this issue. We agree with the term "premature" used by the notes to Rule 58(a) but do not believe that this status necessitates automatic dismissal. In the instant case, the appellant displayed an intent to appeal, the appellees were not prejudiced by this excess of diligence, and they may have actually been afforded additional time in which to prepare for the appeal. *See Alexander v. Aero Lodge No. 735, International Association of Machinists*, 565 F.2d 1364 (6th Cir. 1977), *cert. denied*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978).

It is apparent from the record before us that the appellants mistakenly filed their appeal before the order became final. These facts raise the same concerns as those where a notice of appeal mistakenly refers to the date of the minute entry. In the latter case, this Court has held:

"[W]hen adequate notice to appeal has been given to the other party, no mere technical error should prevent the appellate court from reaching the merits of the appeal * * *. There is no evidence in the record that the incorrect date misled or prejudiced appellees."

Even though an appeal *may not be premature* when the notice of appeal is filed prior to the actual entry of a formal judgment, the formal judgment is the only type of judgment from which an appeal may properly be taken. Under no circumstances should a civil appeal be taken from an unsigned minute order. See § 3.2.1.2." (Emphasis added.)

5. After this action was appealed from the trial court, the Arizona Appellate Handbook at § 3.3.1.1 was revised and now states, "In construing R.Civ.P. 59(d), which contains the same 'not later than' language of ARCAP 9(a), a motion for new trial has been held timely even though filed before the actual entry of judgment. [Citations omitted.] Division One has recently denied a motion to dismiss an appeal allegedly filed prematurely. [Citation omitted.]

Hanen v. Willis, 102 Ariz. 6, 9, 423 P.2d 95, 98 (1967). *See also Schaneman v. Dickerson*, 15 Ariz.App. 31, 485 P.2d 855 (1971).

■ Rule 1 of the Arizona Rules of Civil Procedure states that all the rules, "shall be construed to secure the just, speedy and inexpensive determination of every action." In previous cases where this Court has dismissed an appeal from a minute entry, it ordered the appeal suspended and required appellant to apply to the superior court for an entry of the order. The clerk would then transmit this formal judgment to the Clerk of the Supreme Court and the appeal would be reinstated. *See Eaton Fruit Co. v. California Spray-Chemical Corp.*, 102 Ariz. 129, 426 P.2d 397 (1967). "The conceptual ambivalence which inheres in *Eaton Fruit* indicates that its purpose was to establish a rule of practical administration. It is designed to eliminate a round trip to the trial court and back to the appellate court in the situation where all that is involved is the form of an otherwise appealable order." *Pulaski v. Perkins*, 127 Ariz. 216, 218, 619 P.2d 488, 490 (App.1980). To avoid these judicial gymnastics and yet arrive at the same result, we hold that a premature appeal from a minute entry order in which no appellee was prejudiced and in which a subsequent final judgment was entered over which jurisdiction may be exercised need not be dismissed.

■ It should be noted that the Arizona Appellate Courts will dismiss for lack of jurisdiction the case where a litigant attempts to appeal where a motion is *still pending* in the trial court or where there is no final judgment.

This opinion is not to be construed as approving of the practice of filing premature appeals, and it may have been held otherwise had the appellee been prejudiced. Therefore, the careful litigant is advised to file an appeal in the 30 days after the final judgment.

We vacate the order of dismissal of the Court of Appeals, and reinstate the appeal.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and CAMERON, JJ., concur.