181 Ariz. 469 (1994)
891 P.2d 936
ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Petitioner,
v.
SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Mark W. Armstrong, a judge thereof, Respondent Judge, C.R.; Baby Boy R.; Baby Girl R., Real Parties in Interest.
No. 1 CA-SA 94-0257.
Court of Appeals of Arizona, Division 1, Department A.
November 17, 1994.
Review Denied, March 21, 1995.
*470 Grant Woods, Atty. Gen. by Barbara U. Rodriguez, Asst. Atty. Gen., Phoenix, for petitioner.
Anthony Giammarco, Mesa, for Mother/real party in interest.
Lawrence M. Bierman, Mesa, for Children/real parties in interest.

OPINION
VOSS, Judge.
Petitioner Arizona Department of Economic Security asks this court to review the trial court's order denying the admission of an unedited social study report in a severance action. By order we previously accepted jurisdiction and denied relief with an opinion to follow. This is that opinion.
FACTS AND PROCEDURAL HISTORY
During a contested severance proceeding, the trial court ordered that specific objections to the social study report be filed at least twenty days before trial began. Pursuant to that order, C.R. ("Mother") timely filed a pleading which contained multiple objections to specific portions of the social study report. This motion was not ruled upon prior to trial.
At trial, Petitioner moved for the admission of the unedited social study report. Mother again objected, citing the previously filed list of objections. The court heard oral argument on this issue, took the matter under advisement, and continued the proceedings. The court eventually sustained most of Mother's objections, denied admission of the report as a whole, and admitted a redacted report. It stated, "this Court believes it would be manifestly unjust to allow the State to prove its case and terminate fundamental rights based on a written report over timely, specific and proper objections."
Petitioner filed a special action to this court. Both parties agree that jurisdiction is proper because this is an issue of statewide importance. They urge this court to accept jurisdiction to interpret Arizona Revised Statutes Annotated ("A.R.S.") section 8-537(B) (1989) in light of the recent opinion In the Matter of the Appeal in Maricopa County Juvenile Action No. JS-501904, 180 Ariz. 348, 884 P.2d 234 (App. 1994) (hereinafter "Maricopa County JS-501904").[1] Because this issue is a matter of statewide importance, we accept special action jurisdiction pursuant to A.R.S. section 12-120.21 (1992). Duquette v. Superior Court, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App. 1989).
DISCUSSION
Petitioner argues that the trial court acted arbitrarily and capriciously and abused its discretion when it denied Petitioner's motion to admit the social study report in its entirety. Petitioner contends that pursuant to A.R.S. section 8-537(B), as interpreted by Maricopa County JS-501904, a social study report "as a whole is admissible, even over a given party's objection." 180 Ariz. at 353, 884 P.2d at 239. After evaluating A.R.S. section 8-537(B) and Maricopa County JS-501904, however, we believe that Petitioner's reliance on this statement is misplaced.
It is clear that a social study report is admissible into evidence when no objections are raised. A.R.S. section 8-537(B) provides, in pertinent part: "The court may consider any and all reports required by this article or ordered by the court pursuant to this article and such reports are admissible in evidence without objection."[2] (Emphasis added.) Also, Division Two of this court has examined this section and construed it literally. In the Matter of the Appeal in Pima County, Juvenile Action No. S-139, 27 Ariz. App. 424, 426, 555 P.2d 892, 894 (1976) (holding that a social *471 study report is admissible into evidence without objection) (emphasis added).
This special action, however, raises the question of the admissibility of such a report over specific objections.[3] Petitioner argues that Maricopa County JS-501904 resolved this issue and established a new standard when this court stated "[t]he report as a whole is admissible, even over a given party's objection." 180 Ariz. at 353, 884 P.2d at 239. We disagree.
The procedures governing the admissibility of a social study report in severance actions have not changed. The applicable standard was outlined by the Arizona Supreme Court in In the Matter of the Appeal in Maricopa County, Juvenile Action No. J-75482, 111 Ariz. 588, 536 P.2d 197 (1975) (hereinafter "J-75482"). In J-75482, the trial court considered a social study report during a dependency hearing after one parent objected to the report. Id. at 593, 536 P.2d at 202. The supreme court held that this was error, stating:
[t]he burden of proof in the case was upon the state.... By considering the report over the objection of appellant, the trial court shifted the burden to appellant to attack the material in the report. The burden should have been on the state to prove the material in the report in much the same fashion as in a civil trial.
We believe the proper procedure to use in dependency proceedings is for reports submitted under Rule 16(a) of the juvenile rules to be reviewed by the trial court, but if counsel for any party objects to any material in the report being considered by the trial court, such material may not be considered. Any party desiring to have the material in the report considered by the trial court must follow the procedure for admission of evidence in a civil case.
Id. (emphasis added).
In Maricopa County JS-501904, this court followed J-75482. In section C, part 2, it analogized the admission of a social study report under A.R.S. section 8-537(B) to the admission of social records in neglect or dependency actions pursuant to Arizona Rule of Procedure for Juvenile Courts 16.1(f) (1994) and former Rule 16(a) (1991). 180 Ariz. at 353, 884 P.2d at 239. Even though this court was reviewing severance proceedings, it applied the standard established in J-75482. Id. It held that "[b]ecause DES redacted the portions of the social study to which the mother objected, the juvenile court complied with the holding of [J-75482 and] ... did not violate the mother's due process rights when it considered the redacted social study." Id.
In severance trials, a parent's fundamental rights are at stake. Indeed, the trial court in the present case stated that it is "manifestly unjust to allow the State to prove its case and terminate fundamental rights based on a written report over timely, specific and proper objections.... That would violate a properly objecting parent's due process rights." We agree. In sum, due process requires that when timely, specific, and proper objections are raised to specific portions of a social study report, the State must introduce other evidence to prove its case as to those portions. The burden should not shift to the parents to disprove the report.
Thus, we believe Maricopa County JS-501904 is consistent with A.R.S. section 8-537(B) and J-75482. Therefore, we hold that in severance actions, when any party timely, specifically, and properly objects to portions of a social study report, such portions of that report are not admissible into evidence. The State must prove its case with other evidence.
Here, the trial court found that Mother made "timely, specific, and proper objections." Because the court sustained at least one such objection, it correctly ruled that the social study report as a whole was not admissible. Moreover, the trial court correctly admitted into evidence an edited report after Petitioner redacted those portions to which Mother's objections had been sustained. Therefore, we conclude that the trial court was correct and did not abuse its discretion.
*472 Finally, we address Petitioner's argument that Maricopa County JS-501904 held that a social study "report as a whole is admissible, even over a given party's objection." 180 Ariz. at 353, 884 P.2d at 239. Although understandable that Petitioner interprets this unqualified statement as holding, it was merely dictum. In Maricopa County JS-501904, three minor children were taken into custody and a petition to terminate their mother's parental rights was filed. Before the severance hearing, the trial court allowed DES to file a supplemental social study report. When the mother objected to the report, DES redacted the objectionable portions, and submitted an edited report to the court. Based in part on this edited report, the trial court terminated the parental relationship between the mother and her three children. Id. at 351, 884 P.2d at 237.
On appeal, this court was asked to resolve whether an edited social study report  one in which objectionable material was redacted out  was admissible, despite the objections. The language Petitioner relies upon could not have been a holding, because the whole social study report was not admitted into evidence over objection. Insofar as Maricopa County JS-501904 states that the report as a whole is admissible over objections, that opinion is dictum. Dictum is not binding on this court. Chino Valley v. Prescott, 131 Ariz. 78, 81, 638 P.2d 1324, 1327 (1981) (Dictum is "a court's statement on a question not necessarily involved in the case ..., is without force of adjudication [and] ... is not controlling as precedent.").
Moreover, if we accepted Petitioner's interpretation of Maricopa County JS-501904, that opinion would contradict the plain language of A.R.S. section 8-537(B). This section expressly provides for the admission of a social study report into evidence, "without objection" of any party. The language Petitioner relies upon in Maricopa County JS-501904 would expand this statute so that a report would be admissible  with or without objection. Such an interpretation rewrites the statute by eliminating the "without objection" requirement from A.R.S. section 8-537(B). We, therefore, reject Petitioner's argument.
CONCLUSION
In severance actions, when any party timely, specifically, and properly objects to portions of a social study report, such portions of that report are not admissible into evidence. Because the trial court correctly applied this standard here, it did not abuse its discretion.
For the foregoing reasons, we accept jurisdiction and deny relief.
CONTRERAS, P.J., and TOCI, J., concur.
NOTES
[1] A Petition for Review of this opinion was filed on August 3, 1994 in the Arizona Supreme Court. To date, the court neither has granted nor denied this Petition.
[2] A.R.S. section 8-536(A) (1989) requires that a social study report be prepared after a petition for termination has been filed.
[3] Maricopa County JS-501904 held that general objections to a social study report as a whole are not sufficient to make it inadmissible. 180 Ariz. at 353, 884 P.2d at 239.