945 P.2d 837

**Joe P. GUINN & State Farm, Plaintiffs–Appellants,**

**v.**

**Dorothy Marie SCHWEITZER & John Doe Schweitzer; Mesa Tribune, aka Cox Arizona Publications; and the City of Mesa, Defendants–Appellees.**

**No. 1CA–CV 96–0614.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 2, 1997.

Law Offices of Edmund D. Kahn by Arthur W. Vance, Tucson, for Plaintiffs–Appellants.

Struckmeyer and Wilson by Donald R. Wilson and William G. Caravetta, Phoenix, for Defendants–Appellees.

Neal J. Beets, City Attorney by M. Regina Huerta, Assistant City Attorney, Mesa, for Defendant–Appellee City of Mesa.

## OPINION

FIDEL, Judge.

■ A premature appeal to this court from a superior court ruling is not jurisdictionally defective. *Barassi v. Matison*, 130 Ariz. 418, 421–22, 636 P.2d 1200, 1203–04 (1981). Rather, it takes effect when the rul-ing is later embodied in an appealable judgment and entered by the clerk of court. *Id.*

We now consider the parallel question whether, after the superior court has referred a case for compulsory arbitration, a premature appeal to the superior court from the arbitration award is jurisdictionally defective. We hold, as in *Barassi*, that the appeal is not jurisdictionally defective and that it takes effect when the arbitration award is filed with the clerk of court.

### I

The underlying personal injury lawsuit arises from an automobile accident in Mesa, Arizona. Originally filed in the superior court, the case was referred for compulsory arbitration pursuant to Rule 1(b), Uniform Rules of Procedure for Arbitration. After conducting a hearing, the arbitrator issued a final arbitration award on April 10, 1996. But for reasons uncertain in the record, the award was not filed with or entered by the clerk of the superior court until June 13, 1996. After the award was issued, but before it was filed with the clerk of court, Plaintiffs filed a notice of appeal and an amended notice of appeal. Upon Defendants' motion, the superior court dismissed the appeal as untimely. Appeal to this court followed.

### II

■ Before addressing the principal question whether a premature arbitration appeal is jurisdictionally defective, we dispose of Defendants' alternative argument that Plaintiffs' notices of appeal were untimely in any event because they were filed more than twenty days *after* the arbitrator mailed them his final award.[1] We disagree. In mailing the award without filing it, the arbitrator violated Rule 5(a), Uniform Rules of Procedure for Arbitration, which requires that "the arbitrator . . . shall file the award with the clerk of the superior court, and on the same

---

1. According to the notice of mailing at the bottom of the arbitration award, the award was mailed on April 10, 1996, to the lawyers for the parties, to the trial judge, and to the Superior Court Arbitration Department. Plaintiffs filed a notice of appeal on May 22, 1996, and an amend-ed notice on May 30, 1996. Although Plaintiffs claim they did not receive an April 10 mailing from the arbitrator, our disposition does not turn on the date of their receipt. The April 10 mailing was ineffective, in any event, because the award was not filed until June 13.

day shall mail or deliver copies thereof to all parties or their counsel." It is filing the award, not mailing it, that "triggers the twenty-day appeal period." *Bittner v. Superior Court,* 182 Ariz. 434, 436, 897 P.2d 736, 738 (App.1995); *accord Anderson v. Fidelity Southern Ins. Corp.,* 119 Ariz. 563, 582 P.2d 653 (App.1978). The function of mailing is not merely to provide the parties the final award but to give them notice of its filing—the event that commences the countdown to appeal.

In short, Plaintiffs' appeal was only premature, not tardy. To the consequence of prematurity we turn.

## III

Uniform Rules of Procedure for Arbitration 7(a), which governs appeals from compulsory arbitration, provides in part:

> Any party who appears and participates in the arbitration proceedings may appeal from the award by filing a notice of appeal with the Clerk of the Superior Court *within twenty days after the filing of the award.* ...

(emphasis added). Defendants argue and the superior court found that the superior court lacked jurisdiction over Plaintiffs' appeal because Plaintiffs failed to file a timely notice of appeal *after* the arbitrator filed the award. Plaintiffs argue pursuant to *Barassi* that, absent any prejudice to Defendants, the prematurity of their appeal was jurisdictionally inconsequential and was cured when the award was filed.

In *Barassi,* appellants mistakenly appealed to this court from a superior court minute entry ruling before the ruling had been embodied in an appealable order and filed with the clerk of court. Like Plaintiffs, the *Barassi* appellants did not thereafter reappeal. Our supreme court ruled that the premature appeal sufficed to confer appellate jurisdiction:

> [A] premature appeal from a minute entry order in which no appellee was prejudiced and in which a subsequent final judgment

was entered over which jurisdiction may be exercised need not be dismissed.

*Barassi,* 130 Ariz. at 422, 636 P.2d at 1204.

The supreme court explained *Barassi* in part on textual grounds, comparing abrogated Rule 73(b), Arizona Rules of Civil Procedure, with superseding Rule 9(a), Arizona Rules of Civil Appellate Procedure. Rule 73(b) had required litigants to file notices of appeal *"within* sixty days *from* the entry of judgment or order appealed from." *Id.* at 420, 636 P.2d at 1202 (quoting Rule 73(b), Arizona Rules of Civil Procedure (abrogated 1977)). Rule 9(a), in contrast, required litigants to file notices of appeals *"not later than* 30 days after the entry of judgment from which the appeal is taken...." *Id.* (quoting Rule 9(a), Arizona Rules of Civil Appellate Procedure). Given the wording of Rule 9(a), according to the court, it was "plausible" to consider a premature appeal as one filed not later than thirty days after the entry of judgment. *Id.* at 421, 636 P.2d at 1203.

To confine ourselves to a similar textual analysis in this case would favor Defendants. When compared with the rules considered in *Barassi,* Rule 7(a), Uniform Rules of Procedure for Arbitration, more closely resembles abrogated Rule 73(b) than Rule 9(a), as it requires litigants to appeal within a specified number of days "after" the entry of the arbitrator's award.

The supreme court did not rest *Barassi* primarily on textual analysis, however, but on practical and equitable grounds. The court stated, in terms that apply equally to this case as to that one:

> Dismissal of the present appeal would punish the appellant for being too diligent. The underlying rationale of requiring a final judgment for appealability is to avoid the constant disruption of the trial process, to prevent appellate courts from considering issues that may be addressed later in trial, and to promote efficiency, that is, encourage the consolidation in one appeal of all error a litigant feels transpired during the trial. To permit an appeal in the instant case does not circumvent these concepts....

... In the instant case, the appellant displayed an intent to appeal, the appellees were not prejudiced by this excess of diligence, and they may have actually been afforded additional time in which to prepare for the appeal....

*Id.*

 We find this a compelling basis for resolving this case. Arizona courts disfavor hypertechnical arguments that needlessly deprive litigants of the right to an appeal. *See McKillip v. Smitty's Super Valu, Inc.,* 190 Ariz. 61, 63–64, 945 P.2d 372, 374–375 (App. 1997). On appeal, as in the trial court, the objective of the rules "is to dispose of cases on the merits, irrespective of technical, harmless errors." *Hanen v. Willis,* 102 Ariz. 6, 9, 423 P.2d 95, 98 (1967) (quoting *Arizona Corp. Comm'n v. Pacific Motor Trucking Co.,* 83 Ariz. 135, 138, 317 P.2d 562, 565 (1957)

(Windes, J., joined by Struckmeyer, J., dissenting)).

These Plaintiffs attempted prematurely to perfect a formal appeal from an arbitrator's unfiled award. Here, as in *Barassi,* their prematurity caused Defendants no prejudice and may have provided additional defense preparation time.

We reverse the trial court judgment, reinstate Plaintiffs' arbitration appeal, and remand it to the superior court for further proceedings. Given our disposition, we deny Defendants' request for attorneys' fees.

KLEINSCHMIDT, P.J., and LANKFORD, J., concur.