3 P.3d 1206

**PERFORMANCE FUNDING, LLC, a limited liability company, Performance Mechanical, LLC, a limited liability company, Plaintiffs–Appellants,**

v.

**BARCON CORPORATION, an Arizona corporation, Defendant–Appellee.**

No. 1 CA–CV 99–0366.

Court of Appeals of Arizona,
Division 1, Department M.

March 21, 2000.

David M. Reaves, P.C. By David M. Reaves, Phoenix, for Plaintiffs–Appellants.

The Law Office of Julianne C. Wheeler, P.C. By Julianne C. Wheeler, Phoenix, Co-Counsel for Defendant–Appellee.

Barnes & Lassiter, P.C. By Mark Lassiter, Phoenix, Co-Counsel for Defendant–Appellee.

## OPINION

WEISBERG, Judge.

¶ 1 Appellee moved to dismiss this appeal for untimeliness. It argued that the notice of appeal was defective because appellants filed it during the pendency of a time-extending order. Appellants responded that the notice of appeal was only premature, and hence not defective. We denied appellee's motion, with an opinion to follow. This is that opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Appellants sued appellee to reclaim money and equipment. After appellants obtained an *ex parte* provisional replevin order, the sheriff seized the subject equipment. Appellee then filed a redelivery bond and requested a probable cause hearing. The trial court eventually quashed the replevin order and awarded fees and costs to appellee. In the same order, the trial court exonerated bonds filed by both parties.

¶ 3 Appellee then moved, pursuant to Rule 59(*l*), Arizona Rules of Civil Procedure, to amend the order by deleting the exoneration of appellants' bond. Thirty-four days after the trial court's order and twenty-four days after appellee's motion to amend, appellants filed their notice of appeal. Twenty days later, the trial court granted appellee's motion. Appellants did not file an amended notice of appeal.

## DISCUSSION

¶ 4 Appellee moves to dismiss the appeal, arguing that the notice of appeal was a nullity because appellants filed it during the pendency of a time-extending order.[1]

---

1. In the alternative, appellee argues that the notice of appeal was late because appellants filed it 34 days after the trial court entered their order.

But appellee's motion to amend the trial court's judgment extended appellants' time to appeal until thirty days *after* the trial court ruled on it.

Appellants counter that the appeal was merely premature, thereby not affecting this court's jurisdiction.[2] We agree with appellants.

¶ 5 On appeal, courts strive to dispose of cases on their merits rather than on harmless technical errors. *See Hill v. City of Phoenix,* 193 Ariz. 570, 572, ¶ 10, 975 P.2d 700, 702 (1999) ("[W]here adequate notice has been given an opposing party, fairness demands that 'no mere technical error should prevent the appellate court from reaching the merits of the appeal.'" (citation omitted)); *Guinn v. Schweitzer,* 190 Ariz. 116, 119, 945 P.2d 837, 840 (App.1997). Premature appeals are not necessarily jurisdictionally defective and need not always be dismissed. *See Barassi v. Matison,* 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981). A prematurely filed notice of appeal simply takes effect when the clerk of the court enters the final judgment. *See Guinn,* 190 Ariz. at 117, 945 P.2d at 838 (citing *Barassi,* 130 Ariz. at 421–22, 636 P.2d at 1203–04).

¶ 6 Appellee rests its argument upon two cases, *Barassi* and *Baumann v. Tuton,* 180 Ariz. 370, 884 P.2d 256 (App.1994). In *Barassi,* the appellant filed its notice of appeal after a minute order had denied a motion for a new trial, but before the formal entry of judgment. *See* 130 Ariz. at 419, 636 P.2d at 1201. This court initially dismissed the appeal, *see id.,* but the supreme court vacated that decision and reinstated the appeal, stating: "Dismissal of the present appeal would punish the appellant for being too diligent." *Id.* at 421, 636 P.2d at 1203. *Barassi* thereby held that premature appeals are not necessarily jurisdictionally defective.

¶ 7 However, while so holding, the supreme court noted in dictum that Arizona appellate courts lack jurisdiction when "a litigant attempts to appeal where a motion is *still pending* in the trial court or where there is no final judgment." *Id.* at 422, 636 P.2d at 1204. Appellee now reads that language to compel the dismissal of the instant appeal, but we disagree.

¶ 8 First, appellee's time-extending motion is no longer pending. The trial court here, much like the trial court in *Barassi,* entered its final judgment shortly after appellants filed their notice of appeal. Second, as dictum, the supreme court's language is not controlling. *See Arizona Dep't of Econ. Security v. Superior Court,* 181 Ariz. 469, 472, 891 P.2d 936, 939 (App.1994) ("Dictum is not binding on this court."). Third, and most importantly, the term "jurisdiction," which was used somewhat vaguely in *Barassi,* has since been refined by the supreme court. *See Taliaferro v. Taliaferro,* 186 Ariz. 221, 222–23, 921 P.2d 21, 22–23 (1996) (holding that, despite prior use of the term "jurisdiction," filing notice of change of judge did not extinguish subject matter jurisdiction; authority to try case different from power to entertain action of particular subject matter); *Marvin Johnson, P.C. v. Myers,* 184 Ariz. 98, 101, 907 P.2d 67, 70 (1995) (noting the imprecise use of the term "jurisdiction" in probate proceedings to mean the scope of the proceeding rather than subject matter jurisdiction). Here, as in *Hill,* 193 Ariz. at 572, ¶¶ 8–9, 975 P.2d at 702, this court has both general subject matter jurisdiction as well as personal jurisdiction over the parties.

¶ 9 Appellee next argues that *Baumann* requires the dismissal of the instant appeal. In *Baumann,* the plaintiff filed his notice of appeal during the pendency of his motion for a new trial after the trial court had granted summary judgment to the defendant. *See* 180 Ariz. at 371, 884 P.2d at 257. After voluntarily dismissing his appeal, the plaintiff reurged his motion for a new trial, and the trial court granted it. *See id.* The defendant then appealed that order, arguing that the plaintiff had withdrawn his motion for a

*See* Rule 9(a), Arizona Rules of Civil Appellate Procedure. Because appellants filed their notice of appeal twenty days *before* that ruling, their notice of appeal was not late.

2. Appellants also argue that, if the appeal must be dismissed, it should be dismissed because the trial court's order did not contain Rule 54(b) language. We reject this argument because an interlocutory order such as this, which is made appealable by statute, does not require an express determination of finality pursuant to Rule 54(b). *See Bulova Watch Co. v. Super City Dep't Stores of Arizona, Inc.,* 4 Ariz.App. 553, 555, 422 P.2d 184, 186 (1967); *see also* A.R.S. § 12-2101(E).

new trial by filing a notice of appeal and that his subsequent withdrawal of the appeal ended the litigation. *See id.* This court held that, because the plaintiff's notice of appeal was filed while his motion for a new trial was still pending, "the notice of appeal was a nullity and did not constitute an abandonment of the pending motion for new trial." *Id.* at 373, 884 P.2d at 259.

¶ 10 We conclude that *Baumann* does not control here. While *Baumann* held that a notice of appeal filed during the pendency of a time-extending motion was a "nullity," the party there filed a notice of appeal while his *own* time-extending motion was pending. *See id.* at 371, 884 P.2d at 257. In so ruling, this court interpreted *Barassi* to provide that a party cannot withdraw its own time-extending motion merely by filing a notice of appeal. *See id.* at 372, 884 P.2d at 258. Furthermore, the plaintiff in *Baumann* withdrew his appeal while the motion for a new trial was still pending. *See id.* at 371, 884 P.2d at 257. Here, by contrast, appellants filed their notice of appeal during the pendency of *appellee's* time-extending motion, which is no longer pending.

¶ 11 Accordingly, we find the present case to be more akin to *Barassi* than *Baumann;* and, as the supreme court instructed in *Barassi,* we will not punish appellants "for being too diligent." 130 Ariz. at 421, 636 P.2d at 1203. Further, we are mindful that both *Barassi* and *Baumann* are in accord with the Arizona appellate courts' longstanding pro-jurisdiction policy, as enunciated in *Guinn* and *Hill. See also Hanen v. Willis,* 102 Ariz. 6, 9, 423 P.2d 95, 98 (1967) (One purpose of the rules of civil procedure is "to dispose of cases on the merits, irrespective of technical, harmless errors." (citation omitted)). Therefore, we hold that appellants' notice of appeal was merely premature rather than untimely.

¶ 12 Of course, even though their notice of appeal was merely premature, appellants would still lose the right to appeal if their premature appeal resulted in prejudice to appellee. *See Hill,* 193 Ariz. at 574, ¶ 18, 975 P.2d at 704; *see also McKillip v. Smitty's Super Valu, Inc.,* 190 Ariz. 61, 64, 945 P.2d 372, 375 (App.1997) ("In the absence of prejudice to the appellee, we will proceed . . . 'on the theory that [appellants] intended and in good faith attempted to appeal from a final judgment.' " (citation omitted)). In that regard, appellee describes several different ways in which one party may prejudice another party or the courts by appealing during the pendency of the other party's time-extending motion, but does not allege that such prejudice occurred here. To the contrary, appellee was fully aware that appellants planned to appeal the trial court's order and was informed of the issues involved. No prejudice resulted. Therefore, the notice of appeal became effective when the clerk of the trial court entered their amended final judgment.[3]

## CONCLUSION

¶ 13 For the foregoing reasons, we conclude that appellants' premature appeal did not divest this court of jurisdiction. Appellee's motion to dismiss is therefore denied.

CONCURRING: MICHAEL D. RYAN, Presiding Judge, NOEL FIDEL, Judge.

---

3. This is not to suggest that appellants pursued the most efficient course of action. The better procedure would have been to file a notice of appeal after the trial court ruled on the time-extending motion.