NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MARK S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY,[1] L.S., K.S., *Appellees*.

No. 1 CA-JV 14-0292
1 CA-JV 14-0297
(Consolidated)
FILED 4-30-2015

Appeal from the Superior Court in Maricopa County
No. JD21396
The Honorable Bradley H. Astrowsky, Judge

**AFFIRMED**

COUNSEL

John L. Popilek, P.C., Scottsdale
By John L. Popilek
*Counsel for Appellant*

---

[1]      Pursuant to S.B. 1001, Section 157, 51st Leg., 2nd Spec. Sess. (Ariz. 2014) (enacted), the Arizona Department of Child Safety is substituted for the Arizona Department of Economic Security in this matter. *See* ARCAP 27.

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Randall M. Howe joined.

---

**D O W N I E**, Judge:

**¶1** Mark S. ("Father") appeals from an order terminating his parental rights. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**[2]

**¶2** Father and Mother lived in Ohio with L.S. and K.S. ("the children").[3] They separated in August 2010, and Father did not live with the children thereafter. At some time before November 2011, the children and Mother moved to Arizona. In January 2012, DCS took custody of the children after Mother was arrested; Father's whereabouts were unknown.

**¶3** DCS filed a dependency petition and served Father by publication. In August 2012, the juvenile court found the children dependent as to Father. That same month, DCS located Father in Kentucky and notified him of the proceedings and the services he was expected to complete.

**¶4** The children's Guardian Ad Litem ("GAL") moved to terminate Father's parental rights on the grounds of abandonment. Father began participating in court hearings by telephone, but the court ordered him to personally appear for the severance trial, which he did. Before the court issued its ruling, Father moved to dismiss the juvenile court proceedings, arguing the court lacked jurisdiction under the Uniform

---

[2] On appeal, "[w]e view the facts in the light most favorable to upholding the juvenile court's order." *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7, 225 P.3d 604, 606 (App. 2010).

[3] Mother's parental rights were also terminated, but she is not a party to this appeal.

Child Custody Jurisdiction and Enforcement Act ("UCCJEA") based on custody proceedings in Ohio. The juvenile court vacated its dependency finding as to Father and dismissed the motion for termination as to him.

**¶5** As a result of a UCCJEA conference, the Ohio court relinquished jurisdiction to the juvenile court. DCS filed new dependency and severance petitions. Although the court advised Father he must personally appear for the consolidated dependency and severance trials, he failed to do so. The court noted that Father had been repeatedly ordered to personally appear, and, after a discussion with counsel, ruled there was no good cause for Father's absence. Trial proceeded.

**¶6** On October 6, 2014, the juvenile court filed a signed minute entry finding the children dependent, terminating Father's parental rights, and ordering DCS to submit findings of fact and conclusions of law. Father filed a notice of appeal on October 20, 2014. The juvenile court thereafter issued its findings of fact and conclusions of law on October 31, 2014.

**¶7** Although Father's notice of appeal was premature, it does not deprive this Court of jurisdiction. *See Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981) (premature appeal from minute entry where appellee is not prejudiced and a subsequent final judgment is entered need not be dismissed). We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶8** Father argues the juvenile court erred by concluding there was no good cause for his failure to appear for trial. "[A] finding of good cause for failure to appear is largely discretionary." *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15, 158 P.3d 225, 230 (App. 2007). We will reverse only if the court's exercise of its discretion was "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Id.*

**¶9** Arizona Rule of Procedure for Juvenile Court 66(D)(2) states:

> If the court finds the parent . . . failed to appear at the termination adjudication hearing without good cause shown, had notice of the hearing, was properly served pursuant to Rule 64 and had been previously admonished regarding the consequences of failure to appear, including a

warning that the hearing could go forward in the absence of the parent . . . and that failure to appear may constitute a waiver of rights, and an admission to the allegation contained in the motion or petition for termination, the court may terminate parental rights based upon the record and evidence presented if the moving party or petitioner has proven grounds upon which to terminate parental rights.

*See also* A.R.S. § 8-537(C) (If a parent does not appear for trial, after determining appropriate notices were given, the court may terminate the parent's rights "based on the record and evidence presented.").

¶10        Father does not contend he received insufficient notice of the trial or inadequate warnings regarding the consequences of failing to appear.  Indeed, the record reflects Father was admonished several times about the need to personally appear and the consequences of failing to do so.  Throughout the proceedings, the court made clear that it would accommodate Father by permitting him to appear telephonically at proceedings *other than* the trial.

¶11        Contrary to Father's suggestion, this is not a "default" situation, where the court entered a severance order based solely on his failure to appear and implicit waiver of the right to contest the allegations.  If it were, Father would be required to, *inter alia*, demonstrate a meritorious defense, *see Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 304, ¶ 16, 173 P.3d 463, 468 (App. 2007), which he has not done.  Here, the court conducted a trial at which Father's counsel appeared and participated.  The court also specifically considered testimony that Father had offered at the first severance trial and admitted a recording of that proceeding into evidence.

¶12        A.R.S. § 8-537(A) authorizes the court to require the presence of any party deemed necessary to resolve a severance petition, "except that a parent who has executed a waiver pursuant to § 8-535, or has relinquished the parent's rights to the child shall not be required to appear at the hearing."  Father falls under neither of these statutory exceptions.  Although the court has the discretion to allow telephonic appearances, Ariz. R.P. Juv. Ct. 42, it is not obligated to permit parents to appear by telephone. *Willie G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 231, 234, ¶ 14, 119 P.3d 1034, 1037 (App. 2005).  Here, both DCS and the GAL objected to Father appearing telephonically, and the court could have reasonably concluded it was necessary to observe Father as he testified, including

cross-examination, to assess the grounds for severance and the children's best interests.[4]

¶13        At the pretrial conference, Father claimed he would lose his job if he appeared in person for trial. But at trial, his attorney supplied documentation indicating only that Father would not be paid for time off and that he was scheduled to work on the trial dates.  In discussing the letter, the following exchange took place:

> [Father's counsel:]   I anticipated getting a copy of an employee handbook saying you can't leave during the first 90 days of your work or you get fired.  Instead this person, who's a supervisor, attached a document explaining that you don't get paid if you take off from work until you reach certain levels of --
>
> [Court:] . . . [N]ot that he couldn't take off work, he just would be unpaid.
>
> [Father's counsel:]   That's the way I read it. . . .   [T]hat's apparently his reason for not being here today.

Father offered no additional explanation for his failure to appear.[5]  Under the circumstances, the juvenile court did not err by concluding that he failed to establish good cause for not attending the trial in person, as previously ordered.

---

[4]     Father does not challenge the sufficiency of the evidence supporting the grounds for termination or the best interest determination.

[5]     Father's argument that the expense of traveling to Arizona was prohibitive was not presented at the time of trial.  *See Cullum v. Cullum*, 215 Ariz. 352, 355 n.5, ¶ 4, 160 P.3d 231, 234 n.5 (App. 2007) (As a general rule, a party cannot raise arguments on appeal that were not raised below.).   Moreover, the evidence established that Father traveled extensively during the juvenile court proceedings.  The court found that Father "had the means to travel," yet "chose to prioritize other people and other personal business over these children and this case."

## CONCLUSION

**¶14** For the reasons stated, we affirm the juvenile court's order terminating Father's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: ama