NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SWAMI SHUBHRANANDA, a single woman, and the Temple of Bhakti Yoga, Inc., *Plaintiff/Appellee,*

*v.*

ROBERT L. EARLE, a single man, *Defendant/Appellant.*

No. 1 CA-CV 15-0824, 1 CA-CV 15-0840 (Consolidated)
FILED 12-8-2016

Appeal from the Superior Court in Yavapai County
No.  V1300CV201480194
The Honorable Jeffrey G. Paupore, Judge Pro Tem

**AFFIRMED**

COUNSEL

Law Offices of Earle & Associates, Sedona
By Robert L. Earle
*Defendant/Appellant*

John Trebon P.C., Flagstaff
By John Trebon
*Counsel for Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Lawrence F. Winthrop joined.

---

**P O R T L E Y**, Judge:

¶1        Robert L. Earle appeals the superior court's orders dismissing his counterclaim with prejudice and dismissing his late appeal from the arbitration decision.  For the following reasons, we affirm.

## BACKGROUND

¶2        Swami Shubhrananda provided services to Earle and, when he refused to pay, filed a *pro se* complaint in March 2014 in the Verde Valley Justice Court for breach of contract.  Earle, a licensed Arizona attorney, filed an answer and counterclaim on the justice court form.  He marked the box labeled, "I do not owe the Plaintiff anything," and, after the phrase "the Plaintiff owes me" he listed $50,000.  Earle then alleged that:

> "plaintiff practicing psychotherapy + ministerial s[er]v[i]c[e]s without li[c]ence; has criminal history; no billing presented; coer[c]ion & intimidation used, and more.  Counterclaim for infliction of emotional distress to self & family, defamation, false imprisonment, breach of contract, harassment, trespass, abuse.  Request to transfer to Superior Ct.  Seeks $50,000."

¶3        The case was transferred to the superior court, and Shubhrananda, by counsel, filed a motion to amend the complaint in May 2014.   After briefing, the court granted the motion and allowed Shubhrananda to file an amended complaint.  Earle filed an answer to the amended complaint, which asserted the following:

> The Answer/Counterclaim [filed in justice court] was answered with the statement "I do not owe the Plaintiff anything" meaning that Plaintiff was entitled to nothing, and, impliedly the allegations in the Complaint were denied.  The

---

[1]        The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

document went on to make assertions as part of the [c]ounterclaim.

Plaintiff is now, incorrectly, claiming that Defendant did not answer the Complaint and is seeking to enter Default. This is inappropriate because an answer was provided.

Out of abundance of caution and to allow for no possible misinterpretation, Defendant hereby files "another" Answer as follows:

1. Defendant denies each and every allegation in the Complaint, and asserts the factual matters asserted in the Counterclaim.

Defendant prays that Plaintiff take nothing, and Judgment be entered in favor of Defendant, including attorney's fees and costs.

¶4            The superior court subsequently certified the case for compulsory arbitration. Before the arbitration hearing, Earle moved for entry of default in the superior court, arguing Shubhrananda failed to answer his counterclaim. Shubhrananda responded by asserting that there was no viable counterclaim, or alternatively, moved to dismiss it for failure to state a claim under Arizona Rules of Civil Procedure (Rule) 12(b)(6). After considering Earle's reply, the court dismissed the counterclaim finding that it "does not set forth facts containing the elements supporting the stated legal theories" and "does not state a claim upon which relief can be granted" under Rules 8(a) and 12(b)(6).

¶5            On the same day as the court's ruling, the arbitration began. Twelve days later, the arbitrator filed a notice of decision awarding Shubhrananda the sum of $2,426.25, plus taxable costs and attorney's fees. Before the arbitrator had entered an award that included the costs and fees, Earle filed an appeal from the notice of decision and requested a jury trial. The arbitrator subsequently entered a judgment in the amount of $12,350.25 plus interest, which also provided that the "award shall become effective at the expiration of the time for appeal under Rule 77." Shubhrananda then requested the court enter a judgment on the award.

¶6            Earle objected to the arbitration award, arguing the arbitrator lacked jurisdiction to enter the judgment because he had filed an appeal. He subsequently filed a notice to amend his appeal, which the superior court denied, finding his appeal of the award was untimely under Rule

77(a) because it was filed more than twenty days after the arbitration award. The court also denied Earle's motion for reconsideration of the dismissal of his counterclaim, and entered a final judgment on that ruling. Earle then filed an appeal from that judgment. He also filed an appeal challenging the denial of his arbitration appeal, which is a final order, and then the court entered judgment affirming the arbitration award. The appeals were consolidated, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(1).[2]

## DISCUSSION

### I. Dismissal of Counterclaim

¶7            Earle argues that the superior court erred by dismissing his counterclaim. Specifically, he contends that the counterclaim filed in the justice court "clearly . . . made a short and plain statement of the claim" satisfying Rules 12(b)(6) and 8(a)(2) or, alternatively, he was "never given an opportunity by the Court to amend the [c]ounterclaim to cure its alleged defects."

¶8            We review an order dismissing a complaint for failure to state a claim de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7, 284 P.3d 863, 866 (2012). In reviewing the order, we assume the truth of all well-pleaded facts alleged in the counterclaim. *See Fidelity Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224, ¶ 4, 954 P.2d 580, 582 (1998). And to prevail on a motion to dismiss for failure to state a claim, the moving party must establish that the claimant would not be entitled to relief under any set of facts susceptible of proof. *Id.*

¶9            Arizona is a notice pleading state; a pleading must provide an opposing party "fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen v. Auto–Owners Ins. Co.,* 218 Ariz. 417, 419, ¶ 6, 189 P.3d 344, 346 (2008) (internal quotation omitted). In fact, Rule 8(a) states that all pleadings seeking to make a claim for relief shall contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Ariz. R. Civ. P. 8(a)(2). If a pleading seeking relief, like a counterclaim, only states legal conclusions without any supporting factual allegations, the pleading does not meet Arizona's notice pleading standard. *See Cullen,* 218 Ariz. at 419, ¶ 7, 189 P.3d at 346. And "[i]f a pleading does not comply with Rule 8, an opposing party may move

---

[2]            We cite to the current version of the statute unless otherwise indicated.

to dismiss the action for [f]ailure to state a claim upon which relief can be granted." *Id.* (internal quotation omitted) (quoting Rule 12(b)(6)).

¶10 Earle did not allege any facts in his counterclaim. Other than asking for $50,000, the counterclaim filed in the justice court just stated it was "for infliction of emotional distress to self & family, defamation, false imprisonment, breach of contract, harassment, trespass, abuse."[3] And after the case was transferred to the superior court and the amended complaint was filed, Earle only filed an answer "out of an abundance of caution," but did not file an amended counterclaim. Instead, he merely relied on the conclusory language in his justice court pleading.

¶11 The superior court correctly found that Earle had not alleged facts to support his counterclaim's legal claims. Merely listing the legal claims for relief is insufficient to meet the notice pleading standard. *See Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 162 Ariz. 415, 417, 783 P.2d 1207, 1209 (App. 1989) (citations omitted). As a result, the court did not err by dismissing the counterclaim. *Cullen*, 218 Ariz. at 419, ¶ 7, 189 P.3d at 346.[4]

---

[3] Earle did not allege any facts to support the counterclaims of defamation, false imprisonment, trespass, abuse, harassment, or infliction (whether intentional or negligent) of emotional distress.

[4] In his reply brief, Earle raises several new arguments. First, he claims that Shubhrananda accepted his answer and counterclaim by filing her motion to set and certificate of readiness, joint pretrial conference memorandum, and joint case management report, before challenging his counterclaim, which requires his counterclaim be resolved by a trier of fact. Second, he contends that the statement in his answer that "plaintiff [is] practicing psychotherapy and ministerial s[er]v[i]c[e]s without a l[i]cense; has criminal history; no billing presented; coercion & intimidation used, and more" are "most certainly factual allegations." Because Earle did not raise these arguments in his opening brief, "[w]e will not consider arguments made for the first time in a reply brief." *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶91, 163 P.3d 1034, 1061 (App. 2007) (citing *Muchesko v. Muchesko*, 191 Ariz. 265, 268, 955 P.2d 21, 24 (App. 1997)).

## II.    Appeal of Arbitration Award

¶12        Earle also argues the superior court erred by dismissing his appeal from the final arbitration award as untimely.  We disagree.

¶13        Rule 76(a) states that an arbitrator must file a notice of decision within ten days of an arbitration hearing.  Ariz. R. Civ. P.  76(a). The parties then have ten days to submit proposed forms of award, including any requests for attorney's fees and costs.  *Id.*  Once a party submits a proposed award, the opposing party has five days to object.  *Id.* The arbitrator then has ten days to file "one signed original award."  *Id.* Once the signed award is filed with the clerk of the court, either party can appeal, but must do so within 20 days.  Ariz. R. Civ. P. 77(a).

¶14        Here, the arbitrator filed a notice of decision and mailed it to the parties.  Shubhrananda then submitted a proposed form of judgment and application for attorney's fees and costs.  Earle, however, filed an appeal after the notice of decision was filed.  The appeal, as a result, was premature under Rule 76(a) because there was not a final award that included attorney's fees and taxable costs.  *See Bittner v. Superior Court (Galati)*, 182 Ariz. 434, 436, 897 P.2d 736, 738 (App. 1995) (the rules contemplate "two separate filings by the arbitrator"—the "notice of decision," which prompts either party to submit a proposed award and fee/cost requests, objections by the opposing party, and "the award," which triggers the 20–day appeal period); *see also Decola v. Freyer*, 198 Ariz. 28, 31, ¶ 10, 6 P.3d 333, 336 (App. 2000) ("The filing of this second item, the 'award,' is the event that triggers the time for the appeal.").[5]

¶15        Moreover, once the final arbitration award was filed, Earle did not file a notice of appeal, or amended notice of appeal.  Instead, he filed an objection to the award, claiming the arbitrator lacked jurisdiction to enter the award.  However, given the directions in Rules 76(a) and 77(a), and case law, the arbitrator was required to enter a final award and then Earle had twenty days to file his appeal.

---

[5]        *Bittner* and *Decola* interpreted the Uniform Rules of Procedure for Arbitration.  Those rules were replaced by Rules 72 through 77, but are, in relevant respects, identical.

¶16 Earle, however, contends that his premature appeal was supposed to take effect when the final award was filed with the clerk. His reliance on *Guinn v. Schweitzer*, 190 Ariz. 116, 118-19, 945 P.2d 837, 839-40 (App. 1997) to support his argument is misplaced. In *Guinn,* the arbitrator mailed the final arbitration award to the parties before filing it, and the notice of appeal was filed after the award had been mailed, but before it was filed. Under those circumstances, we stated that the notice was not untimely, merely premature. *Id.*

¶17 The *Guinn* ruling was premised on the narrow exception to the "final judgment rule" established in *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981), which treats a premature notice of appeal as timely if it is filed when there are no further substantive decisions to be made by the fact-finder, even though a final order has not been issued. *Guinn*, 190 Ariz. at 118, 945 P.2d at 389. Here, in contrast, the notice of decision was not final because more had to be done; namely, the resolution of fees and costs, which was a discretionary act, before entry of the final award. *Fields v. Oates*, 230 Ariz. 411, 415, ¶ 13, 286 P.3d 160, 164 (App. 2012) (stating that resolving the issue of attorney's fees is a discretionary act, not a ministerial one). As a result, because the arbitrator had to exercise discretion before the arbitration award became final, the *Barassi* exception does not apply in this case. *See Craig v. Craig*, 227 Ariz. 105, 107, ¶¶ 12-13, 253 P.3d 624, 626 (2011) (quoting *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 37, 132 P.3d 1187, 1195 (2006)); *Engel v. Landman*, 221 Ariz. 504, 509, ¶ 13, 212 P.3d 842, 847 (App. 2009) ("[O]utside the slim exception announced in *Barassi*, premature notices of appeal are ineffective because they disrupt the court process and prevent two courts from assuming jurisdiction and acting at the same time.").

¶18 Earle did not file a timely appeal from the final arbitration award, which included the attorney's fees and taxable costs. Consequently, because the notice of appeal after the notice of decision was premature, and a nullity, and Earle never filed a timely appeal from the final award, the superior court did not err in finding that Earle did not timely challenge the final arbitration award under Rule 77(a).

### III.　　Attorney's Fees on Appeal

**¶19**　　Earle requests an award of legal document preparation fees and costs.  Because he has not prevailed, he is not entitled to fees or costs.  Shubhrananda also requests attorney's fees and costs on appeal pursuant to A.R.S. § 12-341.01.  In the exercise of our discretion, we grant her request for reasonable attorney's fees on appeal, as we will determine, as well as her costs on appeal upon compliance with ARCAP 21.

### CONCLUSION

**¶20**　　For the foregoing reasons, we affirm the superior court's judgment dismissing Earle's counterclaim with prejudice and the order dismissing his arbitration appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA