469 P.2d 493

Helen CHOISSER, a single woman,
Appellant,

v.

The STATE of Arizona, ex rel. Justin HER-
MAN, Director, Arizona Highway
Department, Appellee,

D. V. Merrick and Ruth Merrick, his wife,
Amicus Curiae,

Stephen W. Pogson, Trustee, Amicus Curiae.

No. I CA–CIV 1013.

Court of Appeals of Arizona,
Division 1,
Department B.

May 25, 1970.

Rehearing Denied July 20, 1970.
Review Denied Oct. 6, 1970.

**260**

Cavness, DeRose, Senner & Foster, by Jack C. Cavness, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., by Stanley Z. Goodfarb, Sp. Asst. Atty. Gen., Phoenix, for appellee.

Stevenson, Warden & Smith, by Robert W. Warden, Flagstaff, for D. V. Merrick and Ruth Merrick, his wife, amici curiae.

Evans, Kitchel & Jenckes, by Roger H. Broach, Phoenix, for Stephen W. Pogson, Trustee, amici curiae.

JACOBSON, Acting Presiding Judge.

The assertion of a lessee's loss of business as an independent item of damages resulting from the state's exercise of its power of eminent domain is presented in this appeal from a summary judgment entered in the Superior Court of Coconino County.

On April 14, 1967, plaintiff-appellee State of Arizona condemned a portion of a property known as "Truck City" located on the north side of U. S. 66 east of its intersection with U. S. 89 in East Flagstaff, Arizona. The project necessitating this acquisition was the construction of an interchange connecting U. S. 66, 89 and Interstate 40, the latter having been built south of U. S. 66. The property had 364.71 feet of frontage on U. S. 66 and was improved with a tire warehouse, a large service station, a cafe and a garage. The prop-

erty contained approximately 62,650 sq. ft. Condemned were 12,678 sq. ft. from its northwestern side. Approximately 50,000 sq. ft. remained after the taking as well as 311.5 feet of frontage on U. S. 66. The property condemned consisted of the tire warehouse and a very small portion of the service station area. The service station building, the garage, and the cafe were untouched. Defendant-appellant Helen Choisser was the lessee, under three separate leases, of the warehouse, the service station, the cafe and the garage.

On April 27, 1967, a hearing was held pursuant to A.R.S. § 12–1116 (Supp.1969–70) at the conclusion of which the court granted immediate possession of the property condemned to the state. Discovery procedures continued after the hearing and a trial on the issues of damages was subsequently set for June 3, 1967. On May 16, 1967, plaintiff moved for a partial summary judgment. Although several persons were named as defendants in the condemnation complaint, the summary judgment motion was directed only against Mrs. Choisser, the appellant herein. (It is apparent that the value of the fee interest in the property condemned had been settled.) The motion was heard and summary judgment granted on May 31, 1968—three days prior to the scheduled trial.

Although counsel for appellant appeared and presented oral argument at the hearing on the motion for summary judgment no responsive memorandum, affidavit, exhibits, or new testimony were ever offered in opposition to this motion. However, the record before the trial court at the time of the hearing contained appellant's answers to interrogatories, admissions on file, and deposition.

■ As a general rule a written response is required whenever a motion is filed. Rule IV, Uniform Rules of Practice of the Superior Court, 17 A.R.S. (Supp.1969–70). If the opposing party fails to respond in writing the court may, in its discretion, dispose of the motion summarily. Rule IV(b), Uniform Rules

of Practice, supra. However, where the motion is one for summary judgment there are certain limitations on the exercise of the court's discretion. A failure to respond to the motion with a written memorandum or opposing affidavits cannot, by itself, entitle the movant to a summary judgment. The trial court is required to consider those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file which are brought to the court's attention by the parties. Pitzen's Wig Villa v. Pruitt, 11 Ariz.App. 332, 464 P.2d 652 (1970); Rule 56(c), Rules of Civil Procedure, 16 A.R.S. (Supp.1969–70). It is true that Rule 56(e), Rules of Civil Procedure, supra, states that "an adverse party may not rest upon the mere allegations or denials of his pleading" and that if he does not respond summary judgment shall be entered against him, but only "if appropriate." Moreover, the required response may be "by affidavits or as otherwise provided in this rule." Id. There are two prerequisites that must be met before entry of summary judgment is appropriate: (1) the record brought to the trial court's attention must show that there is no genuine dispute as to any material fact and that only one inference can be drawn from those undisputed material facts; and (2) that based on the undisputed material facts the moving party is entitled to a judgment as a matter of law. Rule 56(c), Rules of Civil Procedure, supra. The admonition in Rule 56(e) means that an adverse party who fails to respond does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true. Pitzen's Wig Villa Pruitt, supra. If that uncontroverted evidence would as a matter of law entitle the movant to a judgment then the motion for summary judgment must be granted. In this case the reporter's transcript of the hearing on the motion for summary judgment shows clearly that the trial judge carefully considered the entire record as well as counsel's oral argument before granting the motion.

We have also considered the entire record in this appeal, viewing it in a light most favorable to appellant. The only material fact issue that was to have been determined at the trial in this condemnation proceeding, the necessity of the taking having been admitted, was the amount of damages, if any, suffered by appellant-lessee as a result of the condemnation. The only evidence of damages presented by appellant was a loss of profits—past and future—due to injury to her business. It is apparent from the record that the damage to appellant's business was being asserted as an independent item of damages and in fact as the only item of damages. If this independent item of damages is not compensable as a matter of law, the trial court correctly granted the motion for summary judgment.

■ In a recent case the Arizona Supreme Court reaffirmed the well established rule that loss of customers, business, or profits are non-compensable as independent items of damages. Evidence of such losses are admissible only for the very limited purpose of tending to show a diminution in the highest and best use of the property. State ex rel. Herman v. Schaffer, 105 Ariz. 478, 467 P.2d 66 (filed March 26, 1970). But evidence of loss of profits standing alone, does not establish the amount of any compensable damages.

At the hearing on the motion the trial judge pointed out that damage based upon loss of anticipated profits was non-compensable and made repeated efforts to elicit from defense counsel whether, and in what manner, the defendant intended to meet her burden of proving a compensable theory of damages. The response of defense counsel was simply that the defense had not presented their case yet, that it would be presented to the jury, that they didn't have to reveal all their evidence or prove their case before trial, and that perhaps the plaintiff would bring in some-

thing at the trial which would establish defendant's damages.

In a condemnation proceeding, the burden of establishing and proving damages is on the person injured. Cf. County of Maricopa v. Shell Oil Co., 84 Ariz. 325, 327 P.2d 1005 (1958); Town of Williams v. Perrin, 70 Ariz. 157, 217 P.2d 918 (1950). The appellant herein has not sustained that burden. She did not come forward with any evidence tending to show that the offered testimony of loss of profits had any relationship to the value of her leasehold interest, nor did she affirmatively show that any such evidence would be presented at the trial three days later.

We have carefully checked the record to determine if the appellant presented any evidence as to other damages she might have suffered and while hints of other damages appear, there is nothing which would indicate these could either be proved or if proved would be compensable. On a motion for summary judgment the opposing party may not stand mute with the expectation of proving his case at time of trial. Under the circumstances of this case, the trial court was correct in granting the motion.

Judgment affirmed.

STEVENS, J., and LAURANCE T. WREN, Judge of Superior Court, concur. NOTE: Judge WILLIAM E. EUBANK and Judge LEVI RAY HAIRE, having requested that they be relieved from consideration of this matter, Judges LAURANCE T. WREN and HENRY S. STEVENS were called to sit in their stead and participate in the determination of this decision.