83 P.3d 56

Richard SCHWAB, a single man,
Plaintiff–Appellant,

v.

AMES CONSTRUCTION, a Minnesota corporation; The State of Arizona, a governmental entity; The County of Maricopa, a governmental entity; Coffman Specialties, Inc., a California corporation; Woudenberg Enterprises, Inc., d/b/a Starlite Barricade & Sign Co., an Arizona corporation, Defendants–Appellees.

No. 1 CA–CV 03–0123.

Court of Appeals of Arizona,
Division 1, Department D.

Jan. 27, 2004.

G. David DeLozier, P.C. by G. David De-Lozier, Cave Creek, Attorney for Plaintiff–Appellant.

Jennings, Haug & Cunningham, L.L.P. by Jorge Franco, Jr., James M. Maldonado, Phoenix, Attorneys for Defendants–Appellees Ames Construction, the State of Arizona, and Woudenberg Enterprises, Inc., dba Star Lite Barricade & Sign Co.

Potts and Associates by David A. Weber, Phoenix, Attorneys for Defendant–Appellee Coffman Specialties, Inc.

## OPINION

WINTHROP, Judge.

¶ 1 Plaintiff–Appellant, Richard Schwab ("Schwab"), appeals from the trial court's orders granting summary judgment in favor of Defendants–Appellees, Ames Construction ("Ames"); the State of Arizona ("the State"); the County of Maricopa ("the County")[1]; Coffman Specialties, Inc. ("Coffman"); and Woudenberg Enterprises, Inc., dba Star Lite Barricade & Sign Co. ("Star Lite") (collectively "Defendants"). Schwab argues that the trial court abused its discretion in granting summary judgment against him for his failure to respond to Defendants' motions for summary judgment. For the reasons discussed, we reverse the trial court's rulings and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Schwab and William Johnson ("Johnson") (collectively "Plaintiffs") were injured at or near a roadway construction site.[2] Plaintiffs filed separate complaints against Defendants, generally alleging that their injuries were a result of Defendants' negligent barricading and construction practices and failure to warn Plaintiffs of the danger. Schwab filed his initial complaint on July 21, 2000, and filed an amended complaint on May 23, 2001. Johnson filed his complaint on October 25, 2000. The trial court consolidated the lawsuits on July 17, 2001.

¶ 3 Initially, the parties actively litigated the case. However, on November 21, 2001, counsel for Schwab filed a motion to withdraw, citing deterioration of the attorney-client relationship due to Schwab's apparent dissatisfaction with his counsel's services and an inability to contact Schwab. Schwab filed a consent to the withdrawal of his counsel on December 11, 2001. On January 15, 2002, the trial court filed a signed order dated December 20, 2001, granting the motion to withdraw. At the next hearing, a March 6, 2002 pretrial scheduling conference, Schwab failed to appear, and no indication exists in

---

1. Schwab previously filed a notice of voluntary dismissal of the County without prejudice on August 18, 2000.

2. Allegedly, Johnson was injured when he struck an unmarked construction guide wire on the road that flipped him off his bicycle and onto the pavement, and Schwab was injured when he tripped over a wire after he had stopped his vehicle and was running back to assist Johnson.

the record that he had retained substitute counsel as of that date.

¶ 4 On August 1, 2002, Defendants filed separate motions for summary judgment,[3] alleging that Plaintiffs had not established a colorable claim of negligence because expert testimony was required to prove that Defendants had breached the standard of care and were thus negligent, and neither Schwab nor Johnson had designated a standard-of-care expert within the time required under the discovery rules.

¶ 5 On August 23, 2002, Johnson responded to the summary judgment motions. However, Schwab did not file a response to either motion, despite the fact that copies of the summary judgment pleadings from Ames, the State, and Star Lite were sent to him at his Flagstaff and Scottsdale addresses. At the time the summary judgment motions were filed, Schwab was still appearing *pro se.*

¶ 6 On September 9, 2002, Judge Steinle heard oral argument on the summary judgment motions and, in an unsigned minute entry, granted summary judgment against Schwab solely because he had failed to respond to the motion.[4] Schwab hired new counsel, who filed a notice of appearance on September 13, 2002. That same day, Schwab's new counsel filed a brief motion for reconsideration, which the trial court denied. On September 19, 2002, Schwab filed a notice of new address with the trial court.

¶ 7 On October 17, 2002, Schwab filed a "Motion to Set Aside Judgment" pursuant to Rule 60(c)(1) of the Arizona Rules of Civil Procedure, alleging that he had moved from Flagstaff to Scottsdale to Mesa and that his receipt of the Coffman summary judgment motion was therefore delayed.[5] Schwab also contended that, due to the fact that his case

had been consolidated with Johnson's, he believed that he was represented by Johnson's counsel.[6] Finally, Schwab argued that his claim was meritorious and that the summary judgment motions lacked merit.

¶ 8 Defendants responded by stating that Schwab had effectively abandoned his case and that the grounds set forth by Schwab did not provide the trial court with a proper basis to set aside the judgment based on excusable neglect or inadvertence. *See* Ariz. R. Civ. P. 60(c)(1). On December 17, 2002, Judge Steinle heard oral argument on Schwab's motion to set aside the judgment and subsequently denied the motion. On January 16, 2003, Schwab filed a notice of appeal, stating that he was appealing "from the Order granting Motion for Summary Judgment in favor of Defendants ... on December 17, 2002." Judge Baca issued signed formal judgments on February 26, 2003.

## ANALYSIS

### I. Jurisdiction

■ ¶ 9 Although Schwab filed a premature notice of appeal, the premature notice was followed by entry of an appealable judgment, and we therefore have appellate jurisdiction pursuant to Arizona Revised Statutes section 12–2101(B)(2003). *See Barassi v. Matison,* 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981); *Comeau v. Ariz. State Bd. of Dental Exam'rs,* 196 Ariz. 102, 106, ¶ 16, 993 P.2d 1066, 1070 (App.1999).

■ ¶ 10 Coffman suggests that this court might nonetheless lack jurisdiction to decide this appeal because (1) Schwab's notice of appeal designates that he is appealing from

---

3. Defendants Ames, the State, and Star Lite were represented by counsel separate from Coffman. Accordingly, Coffman filed a separate motion for summary judgment.

4. In a subsequent September 12, 2002 minute entry, the trial court denied the motions as to Johnson, stating that "the Court will not require the Plaintiff to establish a standard of care by an expert" and finding "that there are disputed facts as to whether the Defendant was negligent and whether the negligence by the Defendant caused the injury."

5. However, Schwab neither addressed the fact that the other Defendants' motion for summary judgment was mailed to both the Flagstaff and Scottsdale addresses, the only two known addresses for him at the time, nor disputed that he had received the other Defendants' motion.

6. However, Johnson's counsel never filed an appearance on behalf of Schwab, never asserted that he was representing Schwab, and never filed pleadings on Schwab's behalf.

the trial court's December 17, 2002 minute entry denying his Rule 60(c) motion; (2) Schwab did not file an amended notice of appeal designating the September 9, 2002 unsigned minute entry granting summary judgment as an additional order from which he is appealing; (3) the issue raised by Schwab on appeal is the propriety of the trial court's grant of summary judgment; and (4) Schwab does not specifically contend in his opening brief that the denial of his Rule 60(c) motion was improper. Coffman therefore argues that this "[c]ourt lacks jurisdiction to consider the propriety of the 09/09/02 ruling granting Coffman summary judgment."

¶ 11 This court generally disfavors hypertechnical challenges to a notice of appeal. *See Guinn v. Schweitzer*, 190 Ariz. 116, 118–19, 945 P.2d 837, 839–40 (App.1997). Further, technical defects or omissions in a notice of appeal are usually not jurisdictional and do not render the notice ineffective absent prejudice to the appellee. *See Hill v. City of Phoenix*, 193 Ariz. 570, 572–73, ¶¶ 8–10, 975 P.2d 700, 702–03 (1999); *Performance Funding, LLC v. Barcon Corp.*, 197 Ariz. 286, 288–89, ¶¶ 8, 12, 3 P.3d 1206, 1208–09 (App.2000); *State v. Rasch*, 188 Ariz. 309, 311, 935 P.2d 887, 889 (App.1996).

¶ 12 Here, Coffman demonstrates no prejudice from the allegedly defective notice of appeal. Moreover, the issue raised by Schwab on appeal, whether the trial court abused its discretion in granting summary judgment against him for his failure to respond to Defendants' motions for summary judgment, was the basis for his Rule 60(c) motion. Further, Schwab argued the merits of the summary judgment motions in his Rule 60(c) motion. Accordingly, the entire reason for Schwab's Rule 60(c) motion and his subsequent notice of appeal was the trial court's September 9, 2002 ruling granting summary judgment because Schwab had failed to respond to Defendant's motions.

We conclude that, Coffman's suggestion notwithstanding, Schwab has fairly raised and not "waived" the issue he invokes on appeal, and we have both subject matter jurisdiction to decide this appeal and personal jurisdiction over the parties. *See Hill*, 193 Ariz. at 572, ¶ 8, 975 P.2d at 702.

## II. The Merits

¶ 13 The trial court granted summary judgment against Schwab based on his failure to respond to Defendants' motions for summary judgment, and the trial court's ruling, in effect, constitutes a summary adjudication pursuant to Rule 7.1 of the Arizona Rules of Civil Procedure [7] as well as a summary judgment pursuant to Rule 56. Schwab contends that the trial court abused its discretion in entering summary judgment against him.

¶ 14 Generally, a party must file a written response whenever a motion is filed. *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 260, 469 P.2d 493, 494 (1970); Ariz. R. Civ. P. 56(c).[8] If the party opposing a motion fails to respond in writing, the trial court may, in its discretion, dispose of the motion summarily. *Choisser*, 12 Ariz.App. at 260, 469 P.2d at 494; Ariz. R. Civ. P. 7.1(b).

¶ 15 However, certain limitations exist on the exercise of the trial court's discretion, especially if the motion is one for summary judgment. *See Choisser*, 12 Ariz. App. at 261, 469 P.2d at 495. A failure to respond to a motion for summary judgment with a written memorandum or opposing affidavits cannot, by itself, entitle the moving party to summary judgment. *Id.* The trial court must consider the entire record before deciding a summary judgment motion. *Id.*; *Chanay v. Chittenden*, 115 Ariz. 32, 37, 563 P.2d 287, 292 (1977) (citing Ariz. R. Civ. P. 56(c)). Rule 56(e) provides that "an adverse party may not rest upon the mere allegations

---

7. Rule 7.1(b) provides, in pertinent part: "[I]f the opposing party does not serve and file the required answering memorandum, or if counsel for any moving or opposing party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion, and the court may dispose of the motion summarily."

8. Rule 56(c) provides that a party opposing a summary judgment motion "must file affidavits, memoranda or both within 15 days after service of the motion."

or denials of [its] pleading," and that if the party does not respond, summary judgment shall be entered against the party "if appropriate." *Choisser,* 12 Ariz.App. at 261, 469 P.2d at 495 (quoting Ariz. R. Civ. P. 56(e)). This is another way of saying that the moving party is entitled to summary judgment if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to a judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1); *Markel v. Transamerica Title Ins. Co.,* 103 Ariz. 353, 358, 442 P.2d 97, 102 (1968), *overruled on other grounds by Burch & Cracchiolo v. Pugliani,* 144 Ariz. 281, 288, 697 P.2d 674, 681 (1985). The burden of showing that no genuine issue of material fact exists rests with the party seeking summary judgment. *Chanay,* 115 Ariz. at 38, 563 P.2d at 293.

¶ 16 The admonition in Rule 56(e) simply means that a nonmoving party who fails to respond does so at his peril because the trial court will presume that any uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, is true. *Choisser,* 12 Ariz.App. at 261, 469 P.2d at 495. If that uncontroverted evidence would entitle the movant to a judgment as a matter of law, then the trial court must grant the summary judgment motion. *Id.* However, if a moving party's summary judgment motion fails to show an entitlement to judgment, the nonmoving party need not respond to controvert the motion. *See United Bank of Ariz. v. Allyn,* 167 Ariz. 191, 196, 805 P.2d 1012, 1017 (App.1990) (citing *Chanay,* 115 Ariz. at 38, 563 P.2d at 293); *see also Zimmerman v. Shakman,* 204 Ariz. 231, 237, ¶ 21, 62 P.3d 976, 982 (App.2003) (stating that Rule 7.1(b) "is not mandatory, and the failure to respond does not in and of itself authorize a judgment against the nonmoving party if the motion fails to demonstrate the movant's entitlement to the requested relief").

¶ 17 We review the trial court's grant of summary judgment on the basis of the record made in the trial court, but we determine *de novo* whether the entry of judgment was proper. *Phoenix Baptist Hosp. & Med.*

*Ctr., Inc. v. Aiken,* 179 Ariz. 289, 292, 877 P.2d 1345, 1348 (App.1994) (citing *Allyn,* 167 Ariz. at 195, 805 P.2d at 1016). In determining whether the trial court properly granted summary judgment, we apply the same standard in determining whether genuine issues of material fact exist and the proper application of the law as that which the trial court should use in ruling on the summary judgment motion. *See Allyn,* 167 Ariz. at 195, 805 P.2d at 1016; *Gonzalez v. Satrustegui,* 178 Ariz. 92, 97, 870 P.2d 1188, 1193 (App. 1993). Additionally, we review rulings under Rule 7.1 for a clear abuse of discretion. *See Arnold v. Van Ornum,* 4 Ariz.App. 89, 90–91, 417 P.2d 723, 724–25 (1966) (construing former Uniform Rule of Practice of the Superior Court IV(b), now Rule 7.1(b)).[9]

¶ 18 The record supports the conclusion that, before his initial counsel withdrew, Schwab actively litigated his case, including providing his deposition and Rule 26.1 disclosure statement. However, Schwab's first attorney withdrew many months before Defendants filed their motions for summary judgment and, during that time period, Schwab failed to participate in the litigation and failed to retain new counsel. He then failed to timely respond to Defendants' motions for summary judgment. As a result, Defendants now argue, Schwab abandoned his claim, and summary adjudication was appropriate. We disagree.

¶ 19 The trial court granted summary judgment solely on the basis that Schwab had not responded to Defendants' motions for summary judgment. Only four days later, Schwab's new counsel filed an appearance with the court and a motion for reconsideration. Although we find it difficult based on this record to conclude that Schwab "abandoned" his case, as claimed by Defendants, the record is clear that Schwab failed to timely respond to Defendants' motions for summary judgment.

¶ 20 Nonetheless, before the trial court dismissed Schwab's case, whether pursuant to Rule 56(c) and (e) or Rule 7.1(b), the court was also required to determine that Defen-

---

9. Rule 7.1 contains provisions formerly set forth in Rule IV of the Uniform Rules of Practice of the Superior Court. *See* Ariz. R. Civ. P. 7.1 (state bar committee note).

 

dants' summary judgment motions demonstrated Defendants' *entitlement* to the requested relief. *See Zimmerman,* 204 Ariz. at 237, ¶ 21, 62 P.3d at 982; *Allyn,* 167 Ariz. at 196, 805 P.2d at 1017; *see also White v. Lewis,* 167 Ariz. 76, 91, 804 P.2d 805, 820 (App.1990) (Lankford, J., dissenting) ("[T]his court has already specifically held that, in view of Rule 56, [former] Rule IV does *not* allow a court to grant summary judgment simply for failure to file a response."). However, the trial court made no such determination as to Schwab and, as evidenced by the trial court's denial of the motions as to Johnson, whose case involved substantially the same facts and claims, the trial court certainly would not have made such a determination. Furthermore, our independent review of the record, including Defendants' motions for summary judgment, leads us to conclude that the trial court did not err in determining that expert testimony, although perhaps helpful, is unnecessary in this case to establish a standard of due care and to show how Defendants may have breached that standard, and that disputed facts exist within the record that preclude summary judgment. Thus, notwithstanding Schwab's failure to respond, the motions should have been denied on their merits. Accordingly, Defendants' argument on appeal that their motions were non-frivolous is unavailing. Absent Defendants' showing of entitlement to summary judgment, Schwab's failure to respond did not in and of itself authorize a judgment against him.

¶ 21 Further, public policy militates against the dismissal of Schwab's case based solely on his failure to file a timely response. *See generally Gorman v. City of Phoenix,* 152 Ariz. 179, 183, 731 P.2d 74, 78 (1987) (stating that "[t]he purpose of [former] Uniform Rule V(e) is procedural, not substantive")[10]; *Walker v. Kendig,* 107 Ariz. 510, 513, 489 P.2d 849, 852 (1971) ("[T]he interests of justice are best served by a trial on the merits."); *White,* 167 Ariz. at 92, 804 P.2d at 821 (Lankford, J., dissenting) (stating that the supreme court's previous observations that former Uniform Rule V(e) should not be used to win a case by avoiding trial on the

merits "suggest that the application of [former] Rule IV(b) to support summary judgment in this case would be improper"). We conclude that the trial court abused its discretion in granting summary judgment against Schwab.

## CONCLUSION

¶ 22 We reverse the trial court's rulings granting summary judgment to Defendants and remand for further proceedings consistent with this opinion.

CONCURRING: JON W. THOMPSON, Presiding Judge and JOHN C. GEMMILL, Judge.

---

10. Former Rule V(e) of the Uniform Rules of Practice of the Superior Court is now Arizona Rule of Civil Procedure 38.1(d). *See* Ariz. R. Civ. P. 38.1 (state bar committee note).