NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAMES SCHOLTES, et al., *Plaintiffs/Appellants*,

*v.*

MICHAEL GONZALES, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0290
FILED 2-1-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-004071
The Honorable Andrew J. Russell, Judge

**AFFIRMED**

COUNSEL

Law Office of Brian K. Stanley, Phoenix
By Brian K. Stanley
*Counsel for Plaintiffs/Appellants*

Burch & Cracchiolo, P.A., Phoenix
By Gregory A. Rosenthal, Matthew J. Skelly
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Peter B. Swann joined.

---

**W I L L I A M S**, Judge:

¶1        James, Lorraine, and Danielle Scholtes appeal from the superior court's grant of summary judgment for Michael and Linda Gonzales. For reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2        In 2015, the Gonzaleses moved next door to the Scholtes. Shortly after moving in, the Gonzales' exterior wall closest to the Scholtes home began to have "sticky spots on the wall" that "smelled like urine." Over the next several months, the smell became stronger and the sticky spots on the wall near their trash and recycling bins increased. During the same period-of-time, the Gonzaleses found "moldy food" thrown onto their roof, "adult sex toys bearing Mrs. Gonzales' name" on their driveway, and "30-45 used syringes" near their trash bin and in their side yard. In 2016, a package "disguised" as having been delivered by the postal service, and addressed to Mrs. Gonzales, was left at the Gonzales home. The package contained a letter stating the sender had an affair with Mr. Gonzales and contained a pair of women's underwear.

¶3        The Gonzaleses placed a security camera on their roof that overlooked their side yard and "captured a portion" of the Scholtes' side and back yard. In May 2016, the camera recorded Mr. Scholtes (hereinafter "James"), a diabetic who used syringes regularly, "urinating into a bucket" in his side yard. James also admitted to doing so on other occasions. Within minutes of relieving himself, James walked out of view of the camera while holding the bucket -- then the surveillance recording shows "a splash of liquid" traveling over the six-foot tall cinderblock wall separating the two properties and onto the Gonzales' property. According to the Scholtes, Danielle, their adult disabled daughter with the mental capacity of a one-year-old, could not be left alone. James stated he relieved himself in front of his daughter in his side yard so he would not leave her unattended.

¶4        In 2018, the Scholtes sued the Gonzaleses for the placement of the camera overlooking portions of their side and back yards and for recording James. The complaint alleged negligence, invasion of privacy, and intentional infliction of emotional distress ("IIED").

¶5        The Gonzaleses moved for judgment on the pleadings. The superior court granted judgment in favor of the Gonzaleses only on the negligence claim.

¶6        Once discovery was complete, the Gonzaleses moved for summary judgment on both remaining claims (invasion of privacy and IIED). With their motion for summary judgment, the Gonzaleses provided a statement of facts that included several exhibits such as affidavits, deposition transcripts, and still frame photos from the surveillance recording. The Scholtes opposed the motion, noting their objection to some of the Gonzales' offered exhibits, but provided no controverting evidence of their own. After oral argument the superior court granted summary judgment for the Gonzaleses, stating, in part:

> [O]n summary judgment, you don't have to present your whole case, but you have to present evidence to show . . . that there is a disputed issue of fact that the jury needs to decide.
>
> And there was no evidence attached to [the Scholtes'] response to the motion for summary judgment. There is no affidavits, no photographs, no nothing. And so because of that, all the allegations in the motion and in the [Gonzaleses] statement of facts attached to the motion for summary judgment are uncontroverted.
>
> . . . [T]here's no evidence on the record of any damages.
>
> There's no evidence in the record that the actions rise to the level that would support an [IIED] claim.
>
> . . . [I] don't think that we have a reasonable expectation of privacy to urinate on the side of our house.
>
> . . . So I am granting the motion for summary judgment . . . .

¶7        The Scholtes unsuccessfully moved for reconsideration, and then timely appealed. This court has jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(1).

**DISCUSSION**

## I. Summary Judgment

¶8 This court reviews a grant of summary judgment de novo, *Dreamland Villa Cmty. Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010), "view[ing] the facts and reasonable inferences in the light most favorable to the non-prevailing party," *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163, ¶ 11 (2017).

¶9 Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). A party opposing a properly supported motion for summary judgment cannot "rely merely on allegations or denials of its own pleading" but "must, by affidavits or as otherwise provided in [Rule 56 of the Arizona Rules of Civil Procedure], set forth specific facts showing a genuine issue for trial." Ariz. R. Civ. P. 56(e); *see also Sato v. Van Denburgh*, 123 Ariz. 225, 228 (1979) (providing that a non-moving party must "present, either by affidavit or some other evidence, facts controverting the [moving party's] affidavit"). Evidence that "may provide a 'scintilla' or create the 'slightest doubt'" is not sufficient to withstand a motion for summary judgment. *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990). "If the opposing party does not [properly] respond [to a properly supported motion for summary judgment], summary judgment, if appropriate, shall be entered against that party." Ariz. R. Civ. P. 56(e); *see also Schwab v. Ames Const.*, 207 Ariz. 56, 60, ¶ 16 (App. 2004) (providing that when the non-moving party fails to properly respond the superior court "will presume that any uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, is true").

> a. *The superior court appropriately considered evidence submitted by the Gonzaleses.*

¶10 In their opening brief, the Scholtes contend the superior court erred by considering the following evidence in granting summary judgment for the Gonzaleses: 1) Michael Gonzales' affidavit which the Scholtes argue lacked foundation of "personal knowledge of the identities of persons who had made complaints to Glendale city departments"; 2) an out-of-court statement by a peace officer; 3) a "photo for which no foundation was laid"; and 4) various exhibits or statements of fact that were "not probative." The Scholtes, however, provide no legal authority to support their position.

**¶11** In deciding a motion for summary judgment, the superior court considers "those portions of the verified pleadings, deposition, answers to interrogatories and admissions on file *which are brought to the court's attention by the parties.*" *Tilley v. Delci*, 220 Ariz. 233, 236, ¶ 10 (App. 2009) (alteration in original) (quoting *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261 (1970)). When the Scholtes elected to provide no competent evidence of their own to create a genuine issue of material fact, they did so at their own peril. *See Choisser*, 12 Ariz. at 261 ("[A]n adverse party who fails to respond does so at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn will be presumed to be true."). The superior court did not err in considering the evidence provided by the Gonzaleses.

> b. *The superior court appropriately granted the Defendants summary judgment on the Plaintiffs' invasion of privacy claim.*

**¶12** An invasion of privacy claim based on intrusion upon seclusion requires proof that the defendant "intentionally intrude[d], physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, . . . [and] the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977); *see also Hart v. Seven Resorts Inc.*, 190 Ariz. 272, 279-80 (App. 1997) (recognizing and adopting § 652B). A defendant can be liable under this section only when they have "intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his person or affairs." Restatement (Second) of Torts § 652B cmt. c.

**¶13** The uncontroverted record shows the Gonzaleses recorded portions of the Scholtes side and back yards after urine was repeatedly thrown onto the Gonzales' home, moldy food onto their roof, and sex toys onto their property. The uncontroverted record also shows James urinating outside into a bucket shortly before a liquid is tossed over the wall and onto the Gonzales property. Certainly the "intrusion" of the camera and recording on this record would not be highly offensive to a reasonable person. And even if *arguendo* it were, the Scholtes have shown no damages. The superior court did not err in granting summary judgment on the invasion of privacy claim. *See* Ariz. R. Civ. P. 56(e).

> c. *The superior court correctly granted the Defendants summary judgment on the Plaintiffs' IIED claim.*

**¶14** "To prevail [in an IIED claim], plaintiff must show: (1) that the defendant['s] conduct could be characterized as 'extreme and outrageous';

(2) that [the] defendant[] either intended to cause or recklessly disregarded the near certainty that emotional distress would result from their conduct; [and] (3) that the defendant['s] conduct actually caused severe emotional distress." *Nelson v. Phx. Resort Corp.*, 181 Ariz. 188, 199 (App. 1994). The court must preliminarily determine whether the conduct may be considered so outrageous and extreme to permit recovery. *Id.*; *see also* Restatement (Second) of Torts § 46 (1965). This issue may only go on to the jury where "reasonable [minds] may differ." Restatement (Second) of Torts § 46 cmt. h.

¶15   As with the invasion of privacy claim, the record contains uncontroverted facts. Nowhere within the record is there any evidence of the Scholtes suffering emotional distress or damages of any kind. Summary judgment for the Gonzaleses on the IIED claim was appropriate.

## II. Attorneys' Fees, Costs, and Sanctions on Appeal

¶16   The Gonzaleses request their attorneys' fees and costs on appeal under A.R.S. § 12-349, as well as sanctions under Arizona Rule of Civil Appellate Procedure ("Rule") 25. In our discretion, we deny the request for sanctions but award the Gonzaleses their reasonable attorney's fees and costs upon compliance with Rule 21.

## CONCLUSION

¶17   We affirm summary judgment for the Gonzaleses.



AMY M. WOOD • Clerk of the Court
FILED: AA