NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

ARIZONA PUBLIC SERVICE COMPANY, *Plaintiff/Appellee*,

*v.*

MIKE MICHAEL, et al., *Defendants/Appellants*.

No. 1 CA-CV 22-0384
FILED 2-6-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2020-006886
The Honorable Katherine Cooper, Judge

**AFFIRMED**

---

COUNSEL

Mike Michael, Phoenix
*Defendant/Appellant*

Berry Riddell LLC, Scottsdale
By Martin A. Aronson, Jeffrey D. Gross, Michael W. Zimmerman
*Counsel for Plaintiff/Appellee*

Osborn Maledon, P.A., Phoenix
By Joseph N. Roth, John S. Bullock
*Counsel for Plaintiff/Appellee*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr., and Judge Cynthia J. Bailey joined.

**F U R U Y A**, Judge:

**¶1**          Mike Michael[1] appeals the superior court's grant of summary judgment in favor of Arizona Public Service ("APS") in an action to condemn his property for public use. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          In early January 2019, APS approached Michael and his sister, Bonnie Michael (collectively the "Michaels") with an offer to purchase two parcels of land for a total of $4,500,000, intending to use the parcels to construct a new electrical substation. The Michaels never accepted the offer, and it expired later that month.

**¶3**          In November 2019, APS sent an amended offer. The amended offer did not state an expiration date but specified a contract would only be formed when "executed by Buyer and Seller." Later, during litigation, APS submitted a declaration claiming the Michaels refused to sign the amended agreement. In their Answer and Counterclaim, the Michaels allege they faxed a signed acceptance to APS, which APS denied receiving in its Response to Counterclaim. In March 2020, APS withdrew its offer to purchase the property. The Michaels acknowledge receiving APS's letter withdrawing the offer and regard it as a termination.

**¶4**          In May 2020, APS sent the Michaels a final offer to purchase the properties for the appraised value of $1,630,000. The Michaels did not

---

[1]          Mike Michael, Bonnie Michael Span, and Darlene Span initiated this appeal. Mike Michael advised the court his sister Bonnie Michael Span is now deceased. This court denied Michael's motion to substitute himself and Darlene Span as personal representatives for Bonnie M. Span and dismissed her from this appeal. Further, the remaining appellants, including Darlene Span, were ordered to file an opening brief. However, only Mike Michael did so. Therefore, because Darlene Span failed to comply with this directive, it is ordered dismissing her from this appeal.

respond, and APS filed an action to condemn the property under Arizona Revised Statutes ("A.R.S.") § 12-1111.

¶5         Throughout the ensuing litigation, the Michaels neither responded to APS's discovery requests—to include APS's requests for admissions per Rule 36 of the Arizona Rules of Civil Procedure—nor introduced any evidence that would be admissible at trial. Instead, they submitted several unverified filings with captions such as "What?? Not Allowed to Have a Lawyer Imposible [sic] – It's Ungodly and Unfair" and "A Demand Stop!! Everything – Stop the Plunder!!! Stop the Injustice!!! Stop the Insanity." These filings generally expressed the Michaels' outrage regarding the litigation and attached—without any attempt at providing foundation—various photographs and newspaper clippings, an affidavit from 1988, and their correspondence with APS. They also attached a copy of the acceptance document they allegedly faxed to APS but did not indicate when they sent it or when APS received it.

¶6         APS moved for summary judgment, attaching declarations of one of its employees stating the public purpose for APS's condemnation of the property is for use as an electrical substation and another providing a purported fair market value for the property. The court ordered the Michaels to respond to APS's motion by January 4, 2022. But the Michaels did not respond until March 11, 2022, claiming a previous filing in February 2022 served as their response. Neither filing included a separate statement of facts, nor did they attach any affidavits or declarations responsive to APS's motion.

¶7         On March 14, 2022, the superior court granted APS's motion for summary judgment. In its order granting summary judgment, the court dismissed the Michaels' counterclaim with prejudice, granted APS the right to condemn the property, and set the compensation amount for the parcels at $2,287,000. The Michaels timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶8         We review the entry of summary judgment de novo. *ADP, LLC v. Arizona Dep't of Revenue*, 254 Ariz. 417, 421 ¶ 5 (App. 2023). We view the facts in the light most favorable to the party against whom summary judgment was entered and draw all justifiable inferences in its favor. *Id.* Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). Parties may

use affidavits to support or oppose motions for summary judgment, but such "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." Ariz. R. Civ. P. 56(c)(5).

**¶9** Where a movant supports its motion with an affidavit or equivalent evidence, "an opposing party may not rely merely on allegations or denials of its own pleading." Ariz. R. Civ. P. 56(e). Rather, the resisting party "must, by affidavits or as otherwise provided [by] rule, set forth specific facts showing a genuine issue for trial." *Id.*

**¶10** Michael argues the superior court erred by granting summary judgment to APS because he filed a timely response and presented disputed issues of fact. We disagree.

**¶11** Following APS's motion for summary judgment, the superior court gave the Michaels until January 4, 2022 to file a response. Michael claims in his March 11 filing that he responded in February. But both dates were past the superior court's deadline and thus, untimely.

**¶12** Michael rejoins that the summary judgment rules do not automatically entitle the moving party to judgment if a party fails to respond to the motion. This is a correct expression of the law. *Schwab v. Ames Constr.*, 207 Ariz. 56, 59–60 ¶15 (App. 2004) ("A failure to respond to a motion for summary judgment with a written memorandum or opposing affidavits cannot, by itself, entitle the moving party to summary judgment. The . . . court must consider the entire record before deciding a summary judgment motion."). Nevertheless, our review of APS's motion does not reveal any deficiencies.

**¶13** APS supported its motion with declarations made upon personal knowledge that purported to establish both APS's qualifying, necessary public use for the condemnation, *see* Ariz. Const. art. 2, § 17, A.R.S. § 12-1111(10), and the fair market value of the property being taken, *see* Ariz. Const. art. 2, § 17, A.R.S. § 12-1116. And Michael established no genuine issues of material fact, as was his burden. *See* Ariz. R. Civ. P. 56(e). And he filed no verification or controverting affidavits or declarations per Rule 56(c)(5). Michael did so "at his peril because uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, will be presumed to be true." *Choisser v. State ex rel. Herman*, 12 Ariz. App. 259, 261 (1970). Such is the case here. Even if Michael's filings could be regarded as timely and responsive to APS's motion, they do not adequately contest the facts established by APS's supporting declarations.

**¶14** On this record, we perceive no abuse of discretion in the superior court's grant of APS's motion. Accordingly, we affirm the grant of summary judgment in favor of APS.

## CONCLUSION

**¶15** We affirm.

