NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CANVAS CREDIT UNION, *Plaintiff/Appellee,*

*v.*

ANA PATRICIA NAVARRO BERBER, *Defendant/Appellant.*

No. 1 CA-CV 25-0880

FILED 06-29-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-018541
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Ana Patricia Navarro Berber, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Andrew M. Jacobs and Judge Brian Y. Furuya joined.

**M O R S E**, Judge:

**¶1**         Ana Patricia Navarro Berber ("Navarro") appeals the superior court's grant of summary judgment to Canvas Credit Union ("Canvas"). We affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**         In 2021, Navarro and Yisel Sanchez Benavides ("Benavides")[1] purchased a 2021 Dodge Charger. Navarro and Benavides entered a Retail Installment Sale Contract — Simple Finance Charge (the "Contract") to finance the purchase. Navarro and Benavides defaulted on the Contract, owing $56,982.20 in principal and $2,113.93 in interest, accruing at the rate of 5.89%. Canvas owns the Contract.

**¶3**         In 2024, Canvas filed a verified complaint against Navarro and Benavides to recover the outstanding debt on the Contract. Navarro and Benavides filed a joint answer admitting they entered the Contract to purchase a 2021 Dodge Charger but denying the remaining allegations. The answer also affirmatively argued that the case should be dismissed with prejudice because they had insurance which should have paid their debt to Canvas, but their insurance company refused to pay.

**¶4**         Canvas filed a motion for summary judgment relying on its verified complaint and asserting no genuine issues of material fact existed despite Navarro's and Benavides's denials. Navarro and Benavides did not respond. The superior court granted summary judgment.

**¶5**         The superior court entered a final judgment under Arizona Rule of Civil Procedure 54(c) in favor of Canvas.[2] Navarro timely appealed. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**         On appeal, Navarro argues that it "is [unjust] and legally erroneous to require me to pay the full balance of a vehicle that was stolen, especially when the insurer used badfaith [sic] tactics to deny the claim." Canvas did not file an answering brief. "When debatable issues exist and an appellee fails to file an answering brief, we may consider such failure a confession of reversible error." *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9

---

[1]         Benavides is not a party to this appeal.
[2]         The final judgment is labeled and written as a default judgment, but it is not.

(App. 2014). Because Navarro does not raise any debatable issues, we do not consider Canvas's failure to file an answering brief a confession of reversible error.

**¶7** We review the entry of summary judgment de novo. *Joshua Tree Health Ctr., LLC v. State*, 255 Ariz. 220, 222, ¶ 8 (App. 2023). We view the facts and all reasonable inferences in favor of the party opposing summary judgment. *Id.* Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "A failure to respond to a motion for summary judgment with a written memorandum or opposing affidavits cannot, by itself, entitle the moving party to summary judgment." *Schwab v. Ames Const.*, 207 Ariz. 56, 59, ¶ 15 (App. 2004). Rather, the superior court can only grant summary judgment if it is supported by the record. *Id.* Still, "a nonmoving party who fails to respond does so at [her] peril because the trial court will presume that any uncontroverted evidence favorable to the movant, and from which only one inference can be drawn, is true." *Id.* at 60, ¶ 16. The superior court here concluded that the motion for summary judgment "provide[d] a legal and factual basis for the relief requested." Navarro offers nothing to refute this determination.

**¶8** On appeal, Navarro asserts that the 2021 Dodge Charger was stolen but her insurance provider denied her coverage and refused to pay for the car. Navarro alleges her insurance company unfairly denied her coverage based on false accusations that she lied to the insurance company's claims investigators. But even if her allegations are true, they do not change Navarro's financial responsibilities under the Contract. If Navarro believes her insurance company treated her unfairly, she must pursue those claims against her insurance company. The superior court did not err in determining that her allegations against her insurance company are not a defense in this case.

**CONCLUSION**

**¶9** We affirm.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR

3