NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IHOR CHOPKO, *Plaintiff/Appellant,*

*v.*

FIDELITY NATIONAL TITLE INSURANCE COMPANY, *et al.,*
*Defendants/Appellees.*

No. 1 CA-CV 25-0431
FILED 01-27-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-011288, CV2024-022404
(CONSOLIDATED)
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Ihor Chopko, Phoenix
*Plaintiff/Appellant*

Fidelity National Law Group, Phoenix
By Brian J. Cosper
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**         Ihor Chopko appeals from the dismissal of his complaint, an attorney fee award and a garnishment judgment.  We affirm the dismissal and fee award but lack appellate jurisdiction over the garnishment.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**         Chopko sold his Phoenix home in October 2023.  According to Chopko, the buyer quickly backed out of the deal after an appraiser found the house lacked proper permits and violated the zoning setback requirement.

**¶3**         Chopko believed he had title insurance coverage from Fidelity National Title Insurance ("Fidelity").  He filed a claim but heard nothing.  After weeks of being told over the phone his claim was being reviewed, he visited Fidelity's office and demanded to speak with a manager.  He argued with the employees and police were called.  Police escorted Chopko from the building, but he was not arrested or charged.

**¶4**         Chopko sued Fidelity for breach of contract, fraudulent misrepresentation, negligence and bad faith.  He also sued Fidelity for malicious prosecution because Fidelity personnel called the police on him.  Chopko attached the title insurance policy he claimed was breached, but the policy was issued by Security Title Agency and Ticor Title Insurance Company, not Fidelity, and it insured Chopko's mortgage company against defects, liens and encumbrances.  It also expressly excluded coverage for losses arising from zoning laws.  For his part, Chopko pointed to a "Fidelity" stamp on his warranty deed and deed of trust.

**¶5**         Fidelity moved to dismiss under Rule 12(b)(6).  *See* Ariz. R. Civ. P. 12(b)(6).  The superior court allowed Chopko to amend his complaint three times before ultimately dismissing Chopko's lawsuit.  It dismissed the malicious prosecution claim after his second amended complaint because Chopko was not arrested, detained or charged.  It

dismissed his third amended complaint holding that Chopko alleged no contract between himself and Fidelity. As the prevailing party in this contract dispute, the court granted Fidelity $10,332 in attorney fees and $316.56 in costs.

## JURISDICTION AND WAIVER

**¶6**         We must determine our jurisdiction over this appeal. *Bridgeman v. Certa*, 251 Ariz. 471, 473, ¶ 5 (App. 2021). The legislature limits and defines our jurisdiction. *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426, ¶ 4 (App. 2016). We may review final judgments from the superior court, A.R.S. § 12-2101(A)(1), but not pending issues, *Barassi v. Matison*, 130 Ariz. 418, 422 (1981). We will dismiss for lack of jurisdiction when a litigant attempts to appeal while a motion is pending in the trial court or when there is no final judgment. *Id.*

**¶7**         We lack jurisdiction over Chopko's garnishment arguments because no final garnishment judgment existed when Chopko filed his amended notice of appeal. *Id.* Garnishment proceedings are original, independent actions, separate from their underlying lawsuit, and can be appealed separately. *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 207, ¶ 13 (App. 2014). Chopko did not file a second amended notice of appeal after entry of the garnishment judgment, so we lack jurisdiction over these arguments, A.R.S. §§ 12-2101(A)(1), -120.12, but still consider his remaining claims.

## DISCUSSION

**¶8**         Chopko appeals the superior court's dismissal of his complaint and award of attorney fees to Fidelity. We address each argument in turn.

### I.       Failure to State a Claim.

**¶9**         We review de novo whether the court properly dismissed a complaint under Rule 12(b)(6). *Conklin v. Medtronic, Inc.*, 245 Ariz. 501, 504, ¶ 7 (2018). "Arizona follows a notice pleading standard, the purpose of which is to give the opponent fair notice of the nature and basis of the claim and indicate generally the type of litigation involved." *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) (citation modified).

**¶10**        A motion to dismiss should be granted only if the law bars relief under any version of the facts plaintiffs could prove. *Conklin*, 245 Ariz. at 504, ¶ 7. Our review is limited to Chopko's complaints. *See Cullen*,

218 Ariz. at 419, ¶ 7.  We assume well-pleaded facts are true and draw reasonable inferences from those facts.  *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012).  We do not, however, "accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts."  *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).

### A.     Breach of Contract.

**¶11**        Chopko argues the title insurance policy between Ticor, Security Title and his mortgage company created a contract between him and Fidelity.  To assert breach of contract, the plaintiff must allege a contract, breach and damages.  *Graham v. Asbury*, 112 Ariz. 184, 185 (1975).

**¶12**        The superior court properly dismissed this claim because Chopko was not a party to the title insurance policy he claims was breached and he does not argue he was a third-party beneficiary of that contract.  What is more, Chopko argued his title was not marketable because of a zoning violation, but title deficiencies based on zoning violations are expressly excluded under the title insurance policy.

**¶13**        For the first time on appeal, Chopko also contends that Fidelity destroyed his title insurance policy, but a party waives issues not preserved in the trial court.  *Sobol v. Marsh*, 212 Ariz. 301, 303, ¶ 7 (App. 2006).

## II.    Malicious Prosecution.

**¶14**        Chopko next argues he stated a valid claim for malicious prosecution.  The "elements of malicious prosecution are (1) a criminal prosecution, (2) that terminates in favor of plaintiff, (3) with defendants as prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages."  *Slade v. City of Phoenix*, 112 Ariz. 298, 300 (1975).

**¶15**        The superior court properly dismissed this claim.  Chopko alleged no criminal proceeding.  The police merely escorted him from Fidelity's office—his complaint does not allege he was cited, arrested or charged.  These facts cannot support a malicious prosecution claim.  *See Coleman*, 230 Ariz. at 356, ¶ 9.

## III.     Attorney Fees.

**¶16**         Chopko challenges the superior court's award of attorney fees under A.R.S. § 12-341.01, asserting the award does not further the statute's purpose of "mitigating the burden of litigation."  But the statute says a fee award "should be made to mitigate the burden of the expense of litigation to establish *a just claim* or *a just defense*."  A.R.S. § 12-341.01(B) (emphasis added).

**¶17**         Attorney fees are available to the prevailing party in a contested action arising from contract under A.R.S. § 12-341.01(A).  "Even when a contract is alleged by a plaintiff and the defendant successfully proves that there was no contract, the action is considered to have arisen out of contract for purposes of A.R.S. § 12-341.01."  *Rudinksy v. Harris*, 231 Ariz. 95, 101, ¶ 27 (App. 2012).

**¶18**         A fee award is reviewed for an abuse of discretion.  *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶ 18 (App. 2004).  The court abuses its discretion when its reasons are unsupported, untenable, incorrect or deny justice.  *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006).

**¶19**         The superior court did not abuse its discretion because the record contains reasonable evidence to support the fee award.  Chopko sued for breach of a title insurance policy and lost.  He was not a party to the policy, the policy excluded the damages he requested and he received no relief from the court.  *Cf. Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 29, ¶ 43 (App. 2006) ("The legislature intended that the risk of paying the opposing party's attorneys' fees would encourage more careful analysis prior to filing suit.").

## IV.     Arizona Rules of Civil Appellate Procedure.

**¶20**         We pause to admonish Chopko about serious deficiencies in his briefing.  Chopko's opening and reply briefs violate Arizona Rule of Civil Appellate Procedure 13(a)(7), which requires that arguments contain citations to legal authority and the portions of the record on which the appellant relies.

**¶21**         Our review reveals that sixteen of Chopko's thirty legal citations contain substantial defects, including unsupported premises, fabricated quotations or fictitious cases.  Add to that, neither brief offers citations to the record.

**¶22**      Compliance with this court's rules is not optional.   The integrity of our appellate process depends on accurate and honest advocacy.   Going forward, the failure to provide accurate legal authority and proper record citations may result in sanctions.   *See* ARCAP 13(a)(7).

## CONCLUSION

**¶23**      We affirm.   Fidelity requests its attorney fees and costs on appeal under § 12-341.01 and ARCAP 21.   We grant Fidelity's request upon compliance with ARCAP 21.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:      JT